No. 89-21

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

RONALD L. BURGESS,

        Plaintiff and Appellant,

  -vs-

STATE OF MONTANA,

        Defendant and Respondent.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Ronald L. Burgess, pro se, Bozeman, Montana

    For Respondent:

        Fred W. Robinson, Dept. of Fish, Wildlife and Parks,
Helena, Montana

Submitted on Briefs: April 6, 1989

Decided: May 11, 1989

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal concerns the forfeiture of a bond posted by appellant Burgess for the alleged violation of game laws. Burgess first litigated the forfeiture in the Justice Court and then the District Court of the Fourteenth Judicial District, County of Meagher. Burgess never appealed this decision. The further presentation of the issue was in a subsequent action before the District Court of the First Judicial District, Lewis & Clark County. The First Judicial District Court held that res judicata barred the claim made by Burgess. This is the decision on appeal. We affirm.

The citation against Burgess charged him with possessing more than the legal limit of elk. Burgess posted and forfeited a $700 bond by failing to appear as required by the citation. Close to a year later, Burgess moved the Justice Court to declare the forfeiture unconstitutional because forfeited bonds from citations for game violations partially fund the game warden's retirement account. See § 19-8-504, MCA. The Justice Court denied the motion, and Burgess appealed to the District Court. The District Court affirmed the decision of the Justice Court. Burgess never appealed this decision.

The current action was brought by Burgess, acting pro se, to once again test the constitutionality of § 19-8-504, MCA. The State moved to dismiss based on res judicata. The District Court of the First Judicial District denied the motion. However, shortly thereafter the District Court granted the State's motion for summary judgment based on res judicata.

Burgess presents one issue: Should the action brought to determine the constitutionality of § 19-8-504, MCA, be dismissed due to the doctrine of res judicata?

Burgess argues initially that the First Judicial District Court erred in granting the motion for summary judgment because its denial of the State's motion to dismiss on the issue of res judicata bound the lower court as the law of the case. This argument fails because the order denying the motion to dismiss was interlocutory, and interlocutory orders can be changed without violating the law of the case doctrine. See 56 Am. Jur. 2d Motions, Rules, and Orders § 42 (2d ed. 1971).

The second argument by Burgess goes to the requirements for finding that a claim is barred by the doctrine of res judicata. Burgess contends that the issues in this action are different from the issues previously litigated. According to Burgess, in the first action he claimed only that the statute at issue violated the federal constitution. Here, a different issue appears, Burgess contends, because he is claiming that the statute violates the state constitution. Burgess also claims that because he is plaintiff here and the State is defendant, and previously he was defendant, and the State was plaintiff, the parties are not the same.

The first contention by Burgess on res judicata fails because:

> [O]nce a party has had full opportunity to present a claim or issue for judicial decision in a given proceeding, the judgment of that court will be deemed final as to all claims or issues which have been raised or which fairly could have been raised.

State v. Perry (Mont. 1988), 758 P.2d 268, 273, 45 St.Rep. 1192, 1198. Burgess had a full and fair opportunity to litigate the constitutional issue in the prior action.

The second contention also fails. In applying the rule of res judicata, "parties" means:

> all persons who have a direct interest in the subject matter of the action and have a right to control the proceedings, defend, examine the witnesses, and appeal if an appeal lies.

46 Am. Jur. 2d Judgments § 529 (2d ed. 1969). Burgess and the State were parties to the previous action and they bear the same relationship to the issue Burgess seeks to litigate, i.e., the constitutionality of the statute. The necessary elements for finding res judicata exist in this case. Brault v. Smith (1984), 209 Mont. 21, 679 P.2d 236. We affirm the lower court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4