No.   91-500

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

---

STEVEN G. BOYD and JERRI BOYD, husband
and wife, and MONTANA MEDICAL OXYGEN AND
SUPPLY, INC., a Montana corporation,

Plaintiffs and Appellants,

v.

FIRST INTERSTATE BANK OF KALISPELL,
N.A., a National Banking Association,

Defendant, Third-Party Plaintiff
and Respondent,

v.

STATE MEDICAL OXYGEN AND SUPPLY, INC., LARRY R.
WILLIAMS, MARK C. HUNGERFORD, BRIAN R. CLOUTIER,
STEPHEN KASPRISIN, and ROGER BOYD,

Third-Party Defendants
and Respondents.

---

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Jon R. Binney and Lon J. Dale, Milodragovich,
Dale & Dye, Missoula, Montana

For Respondents:

Debra D. Parker, Murphy, Robinson, Heckathorn &
Phillips, Kalispell, Montana; Dexter L. Delaney
and Palmer Mars Scott, Mulroney, Delaney & Scott,
Missoula, Montana

---

Submitted on Briefs:   March 26, 1992

Decided:   May 28, 1992

FILED

MAY 2 8 1992

Filed:

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Plaintiffs/appellants Boyds brought suit against defendant/ respondent bank based on the deposit of certain negotiable instruments between November 1983 and February 1985. Respondent then brought State Medical into the action by way of a third-party complaint, alleging entitlement to indemnification for any damages which might be awarded in the action. Specifically, the appellants brought suit for statutory conversion under the Uniform Commercial Code pursuant to § 30-3-419, MCA (1989). The present action was stayed by the District Court pending resolution of related litigation arising out of the same events which were the basis for the present action. Following a jury verdict, this Court affirmed the decision in the related litigation. The District Court then lifted the stay in this case and granted summary judgment for the respondent bank on the grounds that the jury verdict in the related action collaterally estopped appellants' action against the respondent. Appellants brought this appeal arguing that collateral estoppel does not apply in this situation and that summary judgment was incorrectly granted to the respondent. We affirm.

The only issue before this Court is whether the District Court erred in granting summary judgment to the respondent bank based on the determination that the resolution of the related litigation collaterally estopped the appellants from bringing this action.

2

Much of the factual background concerning this dispute was set out by this Court in the related case of Boyd v. State Medical Oxygen and Supply, Inc. (1990), 246 Mont. 247, 249, 805 P.2d 1282, 1283-84. The following facts, as set out in Boyd, are relevant to the present appeal:

Steven and Jerri Boyd, husband and wife, owned and operated a corporation known as Montana Medical Oxygen Supply, Inc. (Montana Medical). In 1983, the Federal Medicare Division initiated Medicare fraud charges against Montana Medical and Steven Boyd in federal court. These criminal charges resulted in a five year prison sentence for Steven Boyd and a $190,000 fine for Montana Medical. The federal judge agreed to review the prison sentence and fine under Rule 35 of the Criminal Rules of Civil Procedure if Steven Boyd would divest himself of all ownership in Montana Medical within 120 days. In response, Boyd executed an agreement with defendants Williams, Hungerford and Cloutier, for the sale and purchase of the assets and assumption of certain liabilities of Montana Medical. At about the same time, the Boyds executed documents granting powers of attorney to Williams, Hungerford and Cloutier and providing them with the right to manage Montana Medical. Upon execution of these documents, the federal judge reduced Steven Boyd's prison term to sixty days and Montana Medical's fine to $19.00.

At about the same time as the pleas to the federal medicare fraud indictments were entered, Montana Medical and Steven Boyd were suspended from receiving Medicare reimbursements. As a result of the suspension and the criminal fines against Montana Medical, Williams, Hungerford, and Cloutier formed a new corporation, State Medical Oxygen and Supply, Inc. (State Medical), to purchase the assets of Montana Medical rather than purchasing the corporation outright.

An agreement for the purchase of the assets of Montana Medical was signed by both parties. The agreement provided that the buyers, State Medical, were authorized to collect and retain all of Montana Medical's outstanding accounts receivable. State Medical

3

opened a commercial deposit account for its new business with First Interstate Bank in Kalispell. Some of the checks deposited into this account by First Interstate were made payable to Montana Medical. First Interstate deposited these checks into State Medical's account based on the language in the agreement to purchase which provided that State Medical was entitled to all of Montana Medical's accounts receivable.

Shortly after the federal sentences against Boyd and Montana Medical were reduced, a dispute arose between the parties concerning the purchase of the assets. Eventually the sale fell through and each party sought damages from the other, alleging that the other had caused the breach. The present litigation, instigated by the Boyds/Montana Medical against First Interstate on a claim of statutory conversion, was stayed by the District Court on August 3, 1987, pending the outcome of the suit between Boyds/Montana Medical and State Medical. The District Court indicated in the order staying the present action that "[t]he resolution of that suit could be of great significance to this case and others involving these parties and may well resolve many issues raised herein." In the related litigation, the jury found against both parties and neither Boyds/Montana Medical nor State Medical recovered anything. One of the issues the jury considered was the question of whether State Medical, or Williams, Hungerford, or Cloutier individually, had converted any property of Montana Medical. The jury determined that no conversion had occurred.

4

This Court affirmed the verdict of the jury and the judgment of the District Court. Boyd, 805 P.2d at 1282.

The District Court in the present litigation between Boyd/Montana Medical and respondent bank lifted the stay following this Court's decision of the related appeal. On August 7, 1991, the District Court denied both parties' motions for summary judgment. Following the denial of both parties' motions for summary judgment, the District Court, on August 13, 1991, issued an amended order granting summary judgment for the respondent bank. The District Court determined that the previous litigation "collaterally estops the present action by Plaintiffs against First Interstate Bank."

Did the District Court err in granting summary judgment to the respondent bank based on the determination that the resolution of the related litigation collaterally estopped the appellants from bringing this action?

Appellants argue that the doctrine of collateral estoppel does not apply to the present litigation. Appellants contend that if collateral estoppel does not apply, then there are genuine issues of material fact in this case which make the District Court's grant of summary judgment erroneous.

The doctrine of collateral estoppel, which is at times referred to as issue preclusion, has been previously explained by this Court as follows:

5

> "Collateral estoppel" . . . may be considered as a branch of the doctrine of res judicata but is distinguishable from the bar to litigation normally called res judicata. The distinction is that res judicata bars the same parties from relitigating the same cause of action while collateral estoppel bars the same parties from relitigating issues which were decided with respect to a different cause of action. [Citation omitted.] The bar that arises from collateral estoppel extends to all questions essential to the judgment and actually determined by a prior valid judgment. [Citations omitted.]

Gessell v. Jones (1967), 149 Mont. 418, 421, 427 P.2d 295, 296. Collateral estoppel provides that "the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome." Nat'l Coal Ass'n. v. Hodel (D.Mont. 1987), 675 F.Supp. 1231, 1237. Collateral estoppel prevents "relitigation of a particular issue or determinative fact which was actually or necessarily decided in a prior action . . . ." Fetherston v. Asarco Inc. (D.Mont. 1986), 635 F.Supp. 1443, 1445. This Court has adopted a three-prong test to determine if the doctrine of collateral estoppel should be applied. Marriage of Stout (1985), 216 Mont. 342, 349, 701 P.2d 729, 733. Collateral estoppel will act as a bar to litigation when:

1.    The identical issue raised has been previously decided in a prior adjudication;

2.    A final judgment on the merits was issued in the prior adjudication; and

6

3. The party against whom the plea is now asserted was a party or in privity with a party to the prior adjudication. Stout, 701 P.2d at 733-34.

In this case, the appellants contend that the first prong of the test is not satisfied in that the issue raised in the present suit has not been previously adjudicated. Appellants argue that the issue in the prior litigation was whether the buyers, State Medical, were liable under a theory of common law conversion. In the present action, appellants are seeking damages from the respondent for statutory conversion pursuant to § 30-3-419, MCA (1989). Appellants rely on that portion of § 30-3-419, MCA (1989), which provides that: "(1) An instrument is converted when . . . . (c) it is paid on a forged endorsement." Appellants' contention is that the District Court erred in determining that the prior action for conversion collaterally estops the appellants from bringing the present action for statutory conversion.

In the amended order of the District Court granting summary judgment to respondent, the court stated that:

> In previously denying the motion of the Defendant for summary judgment this Court was proceeding on the basis that there still remained questions of fact on a number of issues, including the authority of Third-Party Defendants herein to authorize Defendant First Interstate Bank to accept for deposit to Account No. 01-8550-7 checks made payable to Montana Medical. (It being clear that absent appropriate authority the Defendant First Interstate Bank would have been in error to deposit checks payable to Montana Medical in that account, it being an account for State Medical Services, Inc., a separate entity.)

7

Upon further review the Court is satisfied that this question of fact and others have been rendered moot by the verdict of the jury and subsequent judgment rendered in Flathead County Cause No. DV-84-146.

The District Court further explained that:

There can be no question that at issue as part of the claim for conversion in DV-84-146 were the very funds at issue here. That jury having determined that no conversion occurred relative to these funds as between Plaintiffs here and Third-Party Defendants here, it follows that any claim against the bank, which was, after all, acting only as conduit to the funds, can[not] withstand a challenge of either res judicata or collateral estoppel.

Thus it is the finding of this Court that the jury verdict in Cause No. DV-84-146 finding in favor of the Defendants as to Plaintiffs collaterally estops the present action by Plaintiffs against First Interstate Bank.

Appellants' contention that a previous action for common law conversion does not collaterally estop subsequent litigation on a theory of statutory conversion is based on this Court's decision in Stapleton v. First Security Bank (1983), 207 Mont. 248, 675 P.2d 83. However, Stapleton is readily distinguishable from the present case. In Stapleton, the husband deposited two joint-payee checks into an account that his wife had previously closed. The checks were both made payable to husband and wife. The bank accepted both checks without the endorsement of either payee and without the knowledge or consent of the wife. Shortly after depositing the checks, the husband withdrew the funds from the account without the knowledge or consent of the wife. The husband left Montana and

8

initiated divorce proceedings in Nevada. The Nevada court determined that the funds had been converted by the husband.

Wife then brought suit in Montana against the depository bank and both drawee banks under a claim for statutory conversion. One of the issues in Stapleton was whether the wife was collaterally estopped from pursuing this action in light of the previous judicial determination regarding the underlying conversion by the husband. This Court held that the question of the banks' liability for statutory conversion had not been decided in the prior litigation. The judicial determination in the prior litigation that the husband converted the funds did not in any way settle the question as to the banks.

In the present case, it has already been judicially determined that no conversion took place between Montana Medical and State Medical as to the very checks in question here. The prior adjudication determined that the appellants had no interest in or right to the checks deposited by the respondent into the account of State Medical. As the District Court in this case correctly pointed out, the decision in the related litigation also resolved the issue the appellants are now attempting to relitigate. The appellants' claim of statutory conversion involves questions of the bank's authority to deposit the disputed checks into the account. The determination of the jury indicates the bank correctly deposited the checks into the account in question. The present suit would not be barred by collateral estoppel if the jury had

9

determined that a conversion of the checks had occurred. A subsequent suit would have then been necessary to determine if the bank was liable, and if so, the measure of damages. However, in this situation we hold that the District Court correctly granted summary judgment to the respondent based on the doctrine of collateral estoppel.

Affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

May 28, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Jon R. Binney, Esq.
Milodragovich, Dale & Dye
P.O. Box 4947
Missoula, MT 59806-4947

Dana L. Christensen and Debra D. Parker
Murphy, Robinson, Heckathorn & Phillips
P.O. Box 759
Kalispell, MT 59903-0759

Dexter L. Delaney, Esq.
Mulroney, Delaney & Scott
P.O. Box 8228
Missoula, MT 59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy