45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Wallace W. MADING, Debtor.
Wallace W. MADING, Appellant,
v.
Ronald D. SHEPHERD; Ramona Shepherd; Ralph L. Shepherd;
Virginia V. Shepherd; Gene Huntley, Appellees.
 No. 93-35442.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1994.
Decided Dec. 27, 1994.
 
 1
 Before: KOZINSKI and FERNANDEZ, Circuit Judges and REAL, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant WALLACE MADING (MADING) appeals from a judgment of the District Court affirming an order of the Bankruptcy Court granting summary judgment denying discharge of a state court judgment for actual and constructive fraud, breach of fiduciary duty, and negligence. The denial of the discharge in bankruptcy was based on 11 USC Sec. 523(a)(2)(A) that provides
 
 Sec. 523 Exceptions to discharge
 
 4
 (a) A discharge ... does not discharge an individual debtor from any debt--
 
 
 5
 (1) * * *
 
 
 6
 (2) for money, property, services ... to the extent obtained by--
 
 
 7
 (A) false pretenses, a false representation, or actual fraud ...;
 
 
 8
 RONALD D. SHEPARD, RAMONA SHEPARD, RALPH L. SHEPHERD AND VIRGINIA V. SHEPHERD (SHEPARDS) brought an action against MADING and others in the Montana state court alleging fraud, constructive fraud, breach of fiduciary relationships and negligence in connection with a real estate transaction. A jury at the state court trial found MADING and his co-defendants liable, by general verdict, of actual fraud, constructive fraud, breach of fiduciary relationship, and negligence and assessed actual damages in the sum of $274,669.30. Mading appealed the judgment but during its pendency voluntarily dismissed his appeal.
 
 
 9
 We are therefore prevented from knowing if the Montana Supreme Court would have rendered a judgment excluding any of the claims that could not be supported by a finding of actual fraud such as the claim for negligence.
 
 
 10
 MADING filed for bankruptcy under Chapter 13 of the Bankruptcy Code that would have permitted non-dischargeable debts to be discharged 11 USC Sec. 1328(a). MADING did not qualify for discharge under 11 USC Sec. 109(e) because his liquidated non-contingent unsecured debts exceeded $100,000 so his case was ultimately converted to Chapter 7.
 
 
 11
 In the Chapter 7 bankruptcy SHEPARDS filed an adversary proceeding asking for non-dischargeability of the Montana state court judgment. The basis of SHEPARDS' proceeding was the express finding by the Montana state court that MADING along with the other defendants had committed actual fraud on the SHEPARDS. The state court jury was given special verdicts to determine upon which theory the jury was returning its verdict against MADING. In response the interrogatory "Are defendants, Ranch Mart and Wallace Mading liable to plaintiffs because of fraud?" the jury answered "yes." One thing is clear, i.e. whether the judgment could stand on one or all claims the judgment rendered was joint and several as to the defendants MADING and RANCH MART in the state trial.
 
 
 12
 SHEPARDS pressed successfully on the Bankruptcy Court and later in the District Court that collateral estoppel applied to the state court judgment would make the Sec. 523(a)(2)(A) exception applicable to MADING'S discharge.
 
 
 13
 MADING claims that because the jury verdict did not articulate only an actual fraud reason for its verdict that collateral estoppel cannot be applied. MADING cites as authority for his claim Halpern v. Schwartz, 426 F.2d 102 (2d Cir.1970). Halpern is a very fact specific decision not helpful to MADING simply because though fact specific there appears to be no specific finding on an issue in the determination made by the bankruptcy referee but rather on three alternative grounds for the judgment. Here the jury made a very specific finding of actual fraud by MADING and his co-defendants. The judgment would therefore be conclusive on that specific finding of the jury and supports the damages found by the jury to be the result of the fraud. It would be an odd and unjust result to say that MADING should be excused from his responsibility for actual fraud because the jury had also made other specific findings. Since the application of collateral estoppel is a matter of state law grounded in equitable principles and reserved to the discretion of the trial court it cannot be said that the Bankruptcy judge and the District judge here abused their respective discretion.
 
 
 14
 Montana's law on collateral estoppel has been interpreted by the Supreme Court of Montana as requiring:
 
 
 15
 1. The identical issue raised has been previously decided in a prior adjudication;
 
 
 16
 2. A final judgment on the merits was issued in the prior adjudication; and
 
 
 17
 3. The party against whom the plea is now asserted was a party or in privity with a party to the prior adjudication.
 
 
 18
 [ Boyd v. First Interstate Bank of Kalispell, N.A., 253 Mont. 214, 833 P.2d 149 (1992).]
 
 
 19
 The finding of actual fraud by the Montana state jury was a question essential to the judgment and actually finally determined by the judgment entered against MADING. This finding meets the requirements of Boyd in the application of collateral estoppel in MADING'S bankruptcy.
 
 
 20
 MADING had the opportunity to clarify the extent of the judgment against him on his appeal. He voluntarily dismissed that appeal so should not now be heard to claim the judgment is somehow vague and should not be the subject of collateral estoppel on the actual fraud issue found by the jury.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3