No. 02-712

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 199

ROBERT L. JOHNSON and ANITA A. JOHNSON,

    Plaintiffs and Appellants,

    v.

GEORGE S. HAMILTON,

    Defendant and Respondent.

APPEAL FROM:    District Court of the Tenth Judicial District,
                In and For the County of Fergus, Cause No. DV 99-57,
                Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            Robert L. Johnson, Attorney at Law, Lewistown, Montana

        For Respondent:

            William E. Berger, Attorney at Law, Lewistown, Montana

                            Submitted on Briefs:  March 27, 2003

                                    Decided:  August 12, 2003

Filed:

        _____
                            Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Robert and Anita Johnson appeal from the February 4, 2002 Order of the Tenth Judicial District Court, Fergus County, which directed the clerk of that court to file a survey of the Johnsons' property in compliance with a previous judgment and order requiring that the survey not exceed one acre. We affirm.

¶2 The following issue is raised on appeal:

¶3 Whether the District Court erred when it directed the clerk of court to file a Certificate of Survey of the Johnsons' land in compliance with a previous judgment and order of the same court, requiring that the survey not exceed one acre.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 In 1959, A.W. Johnson and George Hamilton orally agreed to exchange two tracts of land. Johnson exchanged his East Tract for Hamilton's West Tract, and paid Hamilton an additional $1,600. Although no formal survey was conducted, the parties walked and partially staked the perimeters of the two tracts, and each parcel was found to be approximately one acre in size. The West Tract is the subject of the present controversy. The property lies east of Spring Creek and west of Highway 466 in Fergus County, and makes up the northeast corner of a strip of land running parallel with Spring Creek.

¶5 The oral exchange was first litigated in 1999 when Hamilton tried to purchase the West Tract back from A.W. Johnson's son and daughter-in-law, Robert and Anita. At the conclusion of this litigation, the Tenth Judicial District Court, Fergus County, ordered specific performance of the oral contract and the vesting of full title to the West Tract in the

2

Johnsons. In addition, Hamilton and the Johnsons were ordered to obtain surveys of their respective parcels and to provide each other with insurable deeds, thereby formalizing the 1959 agreement. In its February 28, 2000 Findings of Fact, Conclusions of Law, and Judgment, the District Court determined that a survey of the Johnsons' West Tract could not exceed one acre. Specifically, the court stated that "[p]laintiffs, Robert L. Johnson and Anita A. Johnson, shall be responsible for obtaining a recordable survey of the West Tract (not to exceed one acre) within 12 months of this Court's Judgment."

¶6 Neither party appealed the ruling. Instead, the Johnsons filed a post-trial motion to amend findings and requested that the "not to exceed one acre" language be removed from the judgment. The District Court denied this motion, stating again that "the West Tract should not exceed one acre but may be approximate in size and could be less than one full acre." The court added that the original agreement between Hamilton and A.W. Johnson contemplated an exchange of parcels approximately one acre in size. The court also stated that, in characterizing the West Tract, its principle concern was to ensure that the two access roads which provided ingress and egress onto the neighboring Knerr Tract and Mill Tract would remain on the property that was transferred to the Johnsons.

¶7 One year later, the Johnsons moved to file the mandatory survey of the West Tract as directed by the District Court. However, their survey exceeded one acre and, upon objection by Hamilton, the District Court ordered Milestone Surveying, Inc., to prepare a new survey that complied with its February 28, 2000 Judgment. In a June 22, 2001 Order, the court stated:

A new survey shall be completed by Milestone Surveying, Inc. utilizing the markers previously set by Milestone Surveying, Inc. as the southern and northeasterly boundary, including an area west of the said southern and northeasterly boundaries encompassing the two private access easement[s], *not to exceed one acre*, the boundary to be so set by Milestone Surveying, Inc. *may or may not follow the meander of the ancient stream.* [Emphasis added.]

¶8 Despite this order, the Johnsons subsequently filed a motion requesting that the District Court file a grant deed to the West Tract identifying the property as more than one acre. Hamilton objected to the motion, and a hearing was scheduled to address the matter. In the interim, the Johnsons filed a Writ of Supervisory Control with the Montana Supreme Court, requesting that the scheduled hearing be vacated. We denied the petition on grounds that the Johnsons had failed to meet, or even address, the criteria under which this Court exercises supervisory control. On February 4, 2002, the District Court similarly denied the Johnsons' request for a grant deed to the West Tract. Furthermore, in accordance with its previous Order of June 22, 2001, the court filed a new survey prepared by Milestone Surveying, Inc. The Johnsons then appealed.

## STANDARD OF REVIEW

¶9 The standard of review of a trial court's discretionary ruling is for abuse of discretion. *Mont. Rail Link v. Byard* (1993), 260 Mont. 331, 337, 860 P.2d 121, 125. This standard may be applied to rulings on post-trial motions, which "encompa[ss] the power of choice among several courses of action, each of which is considered permissible." *Steer, Inc. v. Dep't of Revenue* (1990), 245 Mont. 470, 474, 803 P.2d 601, 603 (citations omitted).

4

¶10    On appeal, the Johnsons argue that the District Court's orders of June 22, 2001 and February 4, 2002 effectively altered the original agreement and exchange between A.W. Johnson and George Hamilton. The Johnsons contend that the orders modify the boundaries of the West Tract as it existed at the time of the 1959 agreement by impermissibly "lopp[ing] off the creek frontage" which, according to the Johnsons, was intended to serve as the South and westerly border of the property. The Johnsons maintain that the District Court exceeded its jurisdiction when it made this alteration without the benefit of pleadings or evidence and in the absence of any request by the parties to do so. Ultimately, the Johnsons request that this Court strike the District Court's February 4, 2002 Order and enforce the one-acre limitation of the February 28, 2000 Judgment by including creek frontage along one side of the West Tract while trimming any excess acreage from the other side of the property.

¶11    Contrary to the Johnsons' position, our review of the record establishes that they are barred by res judicata from litigating this issue. We addressed a similar appeal in *Tungsten Holdings, Inc. v. Kimberlin*, 2000 MT 24, ¶ 36, 298 Mont. 176, ¶ 36, 994 P.2d 1114, ¶ 36. That case involved a challenge to a judgment upon remittitur, in which the trial court granted an access easement over a road that traversed the appellants' property. *Tungsten*, ¶¶ 14-15. The judgment upon remittitur was entered following an appeal and an instruction from this Court to quiet title to the easement in favor of the respondent, Tungsten. *Tungsten*, ¶¶ 13-14. The appellants challenged this second trial court ruling on grounds that a portion of the road crossed over onto Forest Service land and that the easement did not exist wholly on their

property. *Tungsten*, ¶ 35. In response, we determined that the appellants were barred by res judicata from challenging the location of the easement because they had failed to raise the issue during the first appeal. *Tungsten*, ¶ 36.

¶12 In reaching this conclusion, we cited *Wellman v. Wellman* (1982), 198 Mont. 42, 45-46, 643 P.2d 573, 575, for the proposition that "'[o]nce there has been full opportunity to present an issue for judicial decision in a given proceeding . . . the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised, else judgments might be attacked piecemeal and without end.'" *Tungsten*, ¶ 36 (quoting *Wellman*).

¶13 Here, the February 28, 2000 District Court decision was a final judgment and was treated as such by the Johnsons when they filed their Notice of Entry of Judgment the following April. The decision established that the West Tract consisted of an area of land containing two access roads, one of which served as the western boundary of the property. The judgment indicated *only* that the West Tract must include these easements, and that the land may not exceed a full acre. The primary reason for identifying the acreage within the West Tract was to make certain that the two easements, both of which Johnson had granted to a third party, would be contained in the parcel. The District Court *did not* state that the property must include frontage along Spring Creek.

¶14 The District Court order from which the Johnsons now appeal merely enforced its February 28, 2000 Judgment. The District Court rejected the original survey submitted by the Johnsons because it included 1.455 acres, nearly half an acre more than what the court's

6

instructions allowed. The court ordered a new survey to be prepared in compliance with the original judgment. That survey was then prepared and filed pursuant to the Order of February 4, 2002.

¶15 Although the Johnsons now characterize their appeal as a challenge to the District Court's exercise of jurisdiction in issuing this order, the substance of their argument concerns, principally, the size of the West Tract. However, as in *Tungsten*, the record here demonstrates that the parties had a full and fair opportunity to litigate the boundaries of their property. The result was a final judgment which was never appealed by the parties nor altered by the District Court through subsequent orders. The present appeal is an attempt by the Johnsons to undo that judgment. Accordingly, we hold that the appeal is barred by res judicata, and we affirm the District Court's February 4, 2002 Order directing the clerk of court to file a Certificate of Survey of the Johnsons' land in compliance with the court's February 28, 2000 Judgment, including the requirement that the survey not exceed one acre.

¶16 As a final matter, we consider Hamilton's claim that the Johnsons' appeal is without substantial or reasonable grounds, and that he is entitled to an award of attorney fees pursuant the rules of appellate procedure.

¶17 Rule 32, M.R.App.P., provides that "[i]f the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such damages may be assessed on determination thereof as under the circumstances are deemed proper." Typically, this Court will not impose Rule 32 sanctions "unless the appeal is entirely unfounded and intended to cause delay or unless counsel's

7

actions otherwise constitute an abuse of the judicial system." *Lee v. Lee*, 2000 MT 67, ¶ 66, 299 Mont. 78, ¶ 66, 996 P.2d 389, ¶ 66. We have also stated that Rule 32 sanctions may be appropriate "where a party demonstrates a 'significant disdain for the integrity of the judicial process.'" *Lee*, ¶ 66 (citations omitted). For example, we have awarded fees and costs when parties proceeded with their appeals after conceding that dismissal was appropriate and when parties presented conflicting and inconsistent appellate arguments. *Lee*, ¶ 66 (citations omitted).

¶18 Hamilton argues that Rule 32 sanctions are appropriate because the Johnsons' appeal is barred by res judicata. Hamilton offers no case law to support this assertion and fails to establish that the Johnsons' appeal is entirely unfounded, intended to cause delay, or that the Johnsons' conduct constitutes an abuse of the judicial system. The fact that an appeal is barred by res judicata does not mean that an award of attorney fees is presumptively appropriate. Accordingly, we hold that this is not a proper case in which to impose Rule 32 sanctions.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JIM RICE

8