Nos. DA 06-0239 and DA 06-0413

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 78N

SABAH MALLAK,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 05-1417,
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Sabah Mallak, pro se, Deer Lodge, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Carol E.
Schmidt, Assistant Attorney General, Helena, Montana

        Dennis Paxinos, County Attorney; Rod Souza, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  February 7, 2007

Decided:  March 20, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2      Defendant Sabah Mallak, acting *pro se*, appeals the District Court's denial of his motion to withdraw his plea of nolo contendere for the offense of burglary and his plea of guilty for the offense of witness tampering. We affirm.

¶3      On April 23, 2001, Mallak went to trial on the charges of felony partner or family member assault (PFMA), burglary, and witness tampering, as well as two counts of criminal contempt and one count of resisting arrest. On the third day of trial, the court granted Mallak's motion for mistrial. On May 17, 2001, the State filed a fourth, and final, amended information, dropping the resisting arrest charges and charging Mallak with PFMA, burglary and witness tampering, and two counts of criminal contempt.

¶4      The morning the second trial was to begin, Mallak entered into a plea agreement with the State. The State agreed to drop the PFMA charge in exchange for Mallak entering pleas of guilty to witness tampering and criminal contempt, and pleading nolo contendere to burglary. During the plea colloquy for witness tampering, Mallak was not informed of the maximum penalty provided by law. Additionally, during the plea colloquy for burglary, the court informed Mallak that it was considering the violent

2

nature of the predicate act to the burglary charge, in this case assault, in sentencing Mallak.

¶5 Less than two months later, Mallak filed a *pro se* motion to withdraw from the plea agreement and proceed to trial on all of the State's charges. In his brief in support of his motion, Mallak argued that the prescription medications he was taking when he entered his several pleas rendered him incapable of pleading intelligently and knowingly. After an evidentiary hearing the court denied Mallak's motion. The court followed the recommendations of the plea agreement and imposed concurrent sentences of ten years, with three years suspended, for both the witness tampering and burglary charges.

¶6 Mallak appealed, and this Court, in *State v. Mallak*, 2005 MT 49, ¶ 27, 326 Mont. 165, ¶ 27, 109 P.3d 209, ¶ 27 (*Mallak I*), held that the District Court did not abuse its discretion in denying Mallak's motion to dismiss on double jeopardy grounds. We also refused to address Mallak's motion to withdraw his guilty plea because he changed the basis of his argument on appeal. *Mallak I*, ¶ 31. Below, Mallak argued that his plea was not voluntary due to the influence of prescription medication. On appeal he abandoned that theory in favor of the argument that his attorneys failed to advise him properly as to the consequences of a guilty plea and coerced him to plead guilty. *Mallak I*, ¶¶ 29-30. Finally, we declined to address Mallak's claim that exculpatory evidence was not preserved because the claim was based on matters outside the record, while noting that we would "allow the defendant to file a postconviction proceeding" concerning the exculpatory evidence claim. *Mallak I*, ¶¶ 33-36.

¶7     On December 20, 2005, Mallak filed a petition for postconviction relief in the District Court arguing that he should be allowed to withdraw his pleas because: (1) he was never told the maximum penalty for witness tampering before he pled guilty; and (2) his nolo contendere plea for burglary was not voluntary because no one told him he would be pleading to a violent offense. After reviewing the petition, the court determined that Mallak's petition was more properly viewed as a combined motion to withdraw his guilty and nolo contendere pleas, pursuant to § 46-16-105(2), MCA, and a petition for postconviction relief relating to his claims of ineffective assistance of counsel.

¶8     The court ordered the State to respond to Mallak's motion to withdraw his guilty plea for witness tampering. The court denied Mallak's motion to withdraw his nolo contendere plea for burglary, explaining that the court had not implied that burglary was a violent offense nor sentenced Mallak as a violent offender, but merely noted the violent nature of the predicate act. Additionally, the court dismissed Mallak's petition as it related to his ineffective assistance of counsel claims because Mallak did not address the exculpatory evidence claim preserved by this Court in *Mallak I* and because Mallak's claim was based on conclusory and speculative statements. Finally, after the State submitted its response, the court denied Mallak's motion to dismiss his guilty plea to witness tampering, reasoning that the court's failure to inform Mallak as to the maximum sentence did not prejudice Mallak because the court followed the non-binding plea agreement at sentencing.

¶9    Mallak appeals the District Court's denial of his motion to withdraw his guilty plea to witness tampering and his motion to withdraw his nolo contendere plea to burglary. We review a district court's denial of a defendant's motion to withdraw a guilty plea to determine whether the court abused its discretion, in light of the unique record of the case before us. *Mallak I*, ¶ 15 (citations omitted).

¶10   **I. Did the District Court err when it denied Mallak's motion to withdraw his nolo contendere plea for the offense of burglary?**

¶11   Mallak argues that he should be allowed to withdraw his nolo contendere plea to burglary because he did not understand that in pleading guilty to burglary by breaking a door and stereo, he was pleading to a violent offense. Had he understood this, he would have pled guilty to PFMA which carries a lesser maximum sentence. Given his incomplete understanding of the charge, he contends that his plea was not voluntary and intelligent. In sentencing Mallak, however, the District Court focused not on the breaking of the door and stereo, but on Mallak's violent act of assault as the predicate act.

¶12   The State responds that Mallak's claim is barred by the doctrine of res judicata. Res judicata bars relitigation of issues already determined on direct appeal. *Smith v. State,* 2000 MT 327, ¶ 27, 303 Mont. 47, ¶ 27, 15 P.3d 395, ¶ 27 (citations omitted). Additionally, once a party has had full opportunity to present a claim or issue in a prior action, the judgment of that court will be deemed final as to all claims or issues that have been raised or that fairly could have been raised. *Burgess v. State*, 237 Mont. 364, 366, 772 P.2d 1272, 1273 (1989) (citations omitted).

¶13    In Mallak's first appeal, he argued that his guilty pleas should be withdrawn because his attorneys coerced him to plead guilty and failed to advise him as to the possible consequences of his guilty plea. *Mallak I*, ¶ 30. We declined to consider this argument because Mallak had changed his theory from below, where he argued that the prescription medication he was taking caused his plea to be involuntary. *Mallak I*, ¶ 31. Similarly, Mallak could and should have raised his present theory in the District Court in his original motion to withdraw his guilty plea. Having failed to do so, he is precluded from arguing, in the present appeal, that he did not understand the nature of the charge to which he pled because he had a full and fair opportunity to submit the claim in a prior action.

¶14    While the District Court did not deny Mallak's motion on res judicata grounds but rather proceeded to address whether Mallak voluntarily entered his nolo contendere plea to burglary, we will affirm a court's decision even if it reaches the right result for the wrong reason. *State v. Parrish*, 2005 MT 112, ¶ 20, 327 Mont. 88, ¶ 20, 111 P.3d 671, ¶ 20.

¶15    **II. Did the District Court err when it denied Mallak's motion to withdraw his guilty plea for the offense of witness tampering?**

¶16    Mallak also argues that he should be allowed to withdraw his guilty plea to witness tampering because the District Court failed to inform him of the possible consequences of entering a guilty plea, specifically the maximum penalty for the charge.

¶17    As noted above, Mallak previously challenged his guilty pleas in a prior motion to the District Court and then appealed the court's denial based on a different theory, which we refused to consider.  As with Issue I, Mallak's claim is barred by res judicata because Mallak could have raised the theory in the District Court in his original motion to withdraw his guilty pleas.

¶18    We affirm the judgment District Court.


/S/ W. WILLIAM LEAPHART


We concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS

7