DA 14-0458

FILED

April 14 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0458

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 102

OMIMEX CANADA, LTD.,

       Plaintiff and Appellant,

  v.

STATE OF MONTANA,
DEPARTMENT OF REVENUE,

       Defendant and Appellee.

APPEAL FROM:    District Court of the Second Judicial District,
                    In and For the County of Butte/Silver Bow, Cause No. DV-11-308
                    Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Jared M. Le Fevre, James P. Sites, Crowley Fleck PLLP, Billings,
              Montana

       For Appellee:

              Courtney Jenkins, David R. Stewart, Special Assistant Attorneys General,
              State of Montana, Department of Revenue, Helena, Montana

Submitted on Briefs:  February 25, 2015
               Decided:  April 14, 2015

Filed:

_____
                  Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1      Omimex Canada, Ltd., (Omimex) appeals from an order of the Second Judicial District, Silver Bow County, granting partial summary judgment in favor of the State of Montana, Department of Revenue (DOR).  We reverse.

¶2      The issue presented for review is whether the District Court erred when it concluded that a 2007 finding by the First Judicial District Court, Lewis and Clark County, precludes Omimex from litigating the issue of whether it operates "a single and continuous property."

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      Omimex is an oil and gas exploration and production company which owns and operates oil and gas production property in Montana, including flow lines and gathering lines.[1]  Omimex presently contests DOR's central assessment of its property for tax year 2011.

¶4      Pursuant to § 15-23-101(2), MCA, DOR centrally assesses "property owned by a corporation or other person operating a single and continuous property operated in more than one county or more than one state . . . ."  Properties that are not centrally assessed are locally assessed on a county-by-county basis.  Centrally assessed properties may be subject to classification as class nine property under § 15-6-141, MCA, and taxed at a rate of 12 percent of market value.  Oil and gas production equipment is otherwise

---

[1]  A description of Omimex's property and operations may be found at *Omimex Can., Ltd. v. State,* 2008 MT 403, 347 Mont. 176, 201 P.3d 3 (*Omimex I*).

classified under § 15-6-138, MCA, as class eight property and subject to a tax rate of 1.5 percent to 3 percent of market value.

¶5 For tax year 2004, DOR centrally assessed Omimex's property and classified it under class nine. Omimex contested that assessment in the Lewis and Clark County District Court, claiming it did not operate "a single and continuous property," and thus its properties should be locally assessed and subject to the lower tax rate under class eight. A bench trial was conducted before Judge Jeffrey Sherlock, who issued his Findings of Fact, Conclusions of Law, and Order on February 2, 2007. Judge Sherlock found that although Omimex's properties were not physically connected, they operated as a single and continuous property because they were centrally managed by Omimex's head office in Fort Worth, Texas. Judge Sherlock then addressed Omimex's contention that its property should be classified under class eight, concluding that class eight "would apply only if the property were not centrally assessed. . . . Class eight property would be, in the view of the Court, all gas production equipment that was not centrally assessed." Judge Sherlock concluded both central assessment and classification under class nine were proper. He then directed counsel for DOR to prepare a judgment incorporating his findings and conclusions.

¶6 Omimex appealed. On appeal, this Court began by stating, "Regardless of whether Omimex's property is centrally or locally assessed, its tax rate class is determined by the application of the physical attributes of Omimex's Montana properties to the terms of the property classification statutes . . . ." *Omimex I*, ¶ 18. We looked to the definition of class nine property at § 15-6-141, MCA (2003), which included

3

"centrally assessed natural gas companies having a major distribution system in this state . . . ." *Omimex I*, ¶ 20. We concluded that because Omimex did not have a major distribution system in the state, its property was not subject to classification under class nine, regardless of whether it was centrally assessed. *Omimex I*, ¶ 26. We therefore considered it unnecessary to address the District Court's conclusion that central assessment was appropriate because Omimex operated a single and continuous property. *Omimex I*, ¶ 27. We reversed the judgment and remanded for entry of an amended judgment classifying the Omimex properties under class eight. *Omimex I*, ¶ 27. On remand, Judge Sherlock entered an amended judgment, vacating and superseding the earlier judgment.

¶7     In 2009, the Legislature amended § 15-6-141, MCA, deleting the phrase "companies having a major distribution system in this state," and specifically including within class nine "common carrier pipeline[s]" and "pipeline carrier[s]." 2009 Mont. Laws 487. Section 15-23-101, MCA, was also amended to list common carrier pipelines and pipeline carriers among the types of property subject to central assessment. 2009 Mont. Laws 487. The amendments did not alter the provision of § 15-23-101(2), MCA, requiring DOR to centrally assess properties operated as a single and continuous property.

¶8     For tax year 2011, DOR again centrally assessed Omimex's property and classified it under class nine. Omimex filed a declaratory action in the Silver Bow County District Court, claiming it did not operate as a common carrier pipeline or a pipeline carrier. Omimex further argued it did not operate a single and continuous

4

property, and thus did "not even meet the foundational statutory requirements for central assessment . . . ." DOR moved for partial summary judgment, arguing that Judge Sherlock had already determined during the previous litigation that Omimex operated a single and continuous property. DOR claimed the doctrine of issue preclusion barred Omimex from relitigating the issue.

¶9 In response, Omimex argued that issue preclusion was inapplicable because there was no final judgment on the merits. The judgment issued by Judge Sherlock was vacated on remand, and this Court did not reach the central assessment issue on appeal. Omimex also submitted an affidavit by its vice president, Clark Storms, describing changes to Omimex's personal property since tax year 2004. Storms said Omimex had drilled additional wells, rerouted the flow of gas from one of its fields, acquired additional oil production property, and upgraded several items of equipment. Omimex claimed central assessment may no longer be appropriate due to these changes.

¶10 The District Court granted partial summary judgment in favor of DOR, determining that our decision on appeal "did not reverse the trial court's ruling that Omimex was properly subject to central assessment because it operated a single and continuous property . . . ." The District Court further concluded that Judge Sherlock's amended judgment, which vacated the original judgment, "[did] nothing to undermine the finality of Judge Sherlock's determination that Omimex operates a single and continuous property." Omimex appealed the District Court's order granting partial summary judgment.

## STANDARD OF REVIEW

¶11 We review a district court's ruling on a motion for summary judgment de novo. *Planned Parenthood v. State*, 2015 MT 31, ¶ 11, 378 Mont. 151, 342 P.3d 684. Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3).

## DISCUSSION

¶12 *1. Whether the District Court erred when it concluded that a 2007 finding by the First Judicial District Court, Lewis and Clark County, precludes Omimex from litigating the issue of whether it operates "a single and continuous property."*

¶13 Issue preclusion, also sometimes referred to as collateral estoppel, "'bars the reopening of an issue that has been litigated and resolved in a prior suit.'" *In re B.N.Y.*, 2006 MT 34, ¶ 20, 331 Mont. 145, 130 P.3d 594 (quoting *Kullick v. Skyline Homeowners Assn.*, 2003 MT 137, ¶ 18, 316 Mont. 146, 69 P.3d 225). The doctrine of issue preclusion prevents litigants from reopening questions that were necessary to the determination of the prior action. *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 18, 331 Mont. 281, 130 P.3d 1267. Courts apply the doctrine in order to prevent "incessant[] . . . piecemeal, collateral attacks against judgments." *Baltrusch*, ¶ 15. Issue preclusion applies where the following four elements are satisfied:

> 1. Was the issue decided in the prior adjudication identical to the issue raised in the action in question?
>
> 2. Was there a final judgment on the merits in the prior adjudication?
>
> 3. Was the party against whom preclusion is now asserted a party or in privity with a party to the prior adjudication?
>
> 4. Was the party against whom preclusion is now asserted afforded a full and fair opportunity to litigate the issue which may be barred?

6

*McDaniel v. State*, 2009 MT 159, ¶ 28, 350 Mont. 422, 208 P.3d 817. There is no dispute that the parties in the present action are the same parties involved in the 2007 litigation. Omimex contends that the remaining three elements of issue preclusion are not satisfied.

¶14 Primarily, Omimex argues there was no final judgment on the merits regarding whether it operates a single and continuous property because Judge Sherlock's 2007 judgment was reversed and vacated on remand. DOR responds that although the judgment was vacated, the finding that Omimex operated a single and continuous property—upon which the judgment was based—was not. Issue preclusion bars a party from reopening matters necessary to the determination of the previous judgment. *Baltrusch*, ¶ 18; *Haines Pipeline Constr. v. Montana Power Co.*, 265 Mont. 282, 288, 876 P.2d 632, 636 (1994); *Boyd v. First Interstate Bank, N.A.*, 253 Mont. 214, 218, 833 P.2d 149, 151 (1992). In *Omimex I*, ¶ 27, we stated that it was not necessary to address the question of central assessment. The amended judgment, which vacated and superseded the previous judgment, was entered in accordance with *Omimex I*. Thus, although the finding that Omimex operated a single and continuous property may have been essential to the original judgment, it was not essential to our Opinion or to the amended judgment, and should not be afforded preclusive effect. *Baltrusch*, ¶ 18; *Haines Pipeline Constr.*, 265 Mont. at 288, 876 P.2d at 636; *Boyd*, 253 Mont. at 218, 833 P.2d at 151.

¶15 Further, when a judgment is reversed, the "'judgment cannot serve as the basis for a disposition on the grounds of res judicata or collateral estoppel [issue preclusion].'"

7

*Cal. Dept. of Soc. Servs. v. Thompson*, 321 F.3d 835, 847 (9th Cir. 2003) (quoting *Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir. 1980)). The judgment in the 2007 litigation was three sentences long and stated that it was based upon Judge Sherlock's previously-entered Findings of Fact, Conclusions of Law, and Order. The judgment itself added no substantive legal analysis. A determination that the judgment was vacated, but the extensive reasoning, findings, and conclusions upon which it wholly relied were not, would elevate form over substance. Moreover, to reverse and vacate a judgment, yet leave intact the findings and conclusions incorporated in that judgment, would lead to contradictory and unclear results.

¶16     We next address whether Omimex was afforded a full and fair opportunity to litigate the issue in the previous action. Omimex argues it was not afforded a full and fair opportunity to litigate the question of whether it operates a single and continuous property because the issue was not conclusively decided on appeal. DOR cites a number of cases for the proposition that appellate review is not a required component of a full and fair opportunity to litigate. The cases cited, however, are those in which the party against whom preclusion was asserted never appealed from the first litigation. *McDaniel*, ¶ 40; *Johnson v. Hamilton*, 2003 MT 199, ¶ 15, 317 Mont. 24, 75 P.3d 778; *Burgess v. State*, 237 Mont. 364, 365, 772 P.2d 1272, 1273 (1989). DOR also argues that our issue preclusion inquiry has never focused on whether the issue was addressed on appeal. In the cases cited by DOR as supporting examples, either no appeal was taken from the prior decision, *Burgess*, 237 Mont. at 365, 772 P.2d at 1273; *Nasi v. State Dept. of Highways*, 231 Mont. 395, 396, 753 P.2d 327, 328 (1988), or the prior decision was squarely

8

affirmed on appeal, *Lindey's v. Goodover*, 264 Mont. 449, 453, 872 P.2d 764, 766 (1994).

¶17 Our issue preclusion analysis is instead focused on whether the parties had a full and fair *opportunity* to litigate the issue. *E.g.*, *McDaniel*, ¶ 45; *Burgess*, 237 Mont. at 366, 772 P.2d at 1273. Although we have adopted a relaxed requirement of finality for purposes of issue preclusion, with the result that a judgment may have preclusive effect even while an appeal is pending, *Baltrusch*, ¶ 21, a full and fair opportunity to litigate nevertheless includes the opportunity to pursue an appeal, *Bell v. Dillard Dept. Stores*, 85 F.3d 1451, 1456-57 (10th Cir. 1996); *Gray v. Lacke*, 885 F.2d 399, 406 (7th Cir. 1989); *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 847 (Mich. 2004).[2] If a party has the opportunity, but chooses not to actually seek an appeal, issue preclusion may be applied. *McDaniel*, ¶ 40; *Johnson*, ¶ 15; *Burgess*, 237 Mont. at 365, 772 P.2d at 1273; *Nasi*, 231 Mont. at 396, 753 P.2d at 328. Where appellate review is unavailable, however, issue preclusion should not be applied. *See generally* Restatement (Second) of Judgments § 28 cmt. a (1982). For that reason, "[i]f the appellate court upholds one of [the district court's] determinations as sufficient and refuses to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive as to the first determination," but not the other. Restatement (Second) of Judgments § 27 cmt. o; *see also People ex rel. Brown v. Tri-Union Seafoods, LLC*, 171 Cal. App. 4th 1549, 1574 (Cal. Ct. App. 2009) ("Where . . . a court of first instance renders its

---

[2] In *Baltrusch*, ¶ 20, we adopted the view that a judgment not regarded as final because of a pending appeal or motion may, nevertheless, have preclusive effect. In that circumstance, the judgment would cease to be final if it was in fact later set aside. *Baltrusch*, ¶ 21.

judgment on alternative grounds and the reviewing court affirms on only one of those grounds, the grounds not considered are not conclusively established.").

¶18 Omimex did not forego the opportunity to seek review of the finding that it operated a single and continuous property. To the contrary, Omimex pursued its right to an appeal and specifically asked this Court to address the single and continuous property issue. *Omimex I*, ¶ 3. We considered it unnecessary to do so in the context of that appeal. *Omimex I*, ¶ 27. As a result, despite its diligence, Omimex was unable to obtain review of Judge Sherlock's findings. Because we addressed only one of the issues raised in *Omimex I*, the other issues, including whether Omimex operated a single and continuous property, were not conclusively determined. *See* Restatement (Second) of Judgments § 27 cmt. o. Omimex is not precluded from now obtaining a determination of that issue.

¶19 Finally, Omimex argues that the property assessed in tax year 2011 is not identical to the property assessed in tax year 2004, and thus, genuine issues of material fact exist as to whether Omimex continues to operate a single and continuous property. Though the parties and the District Court have framed the issue as one of the existence of genuine issues of material fact on the single and continuous property issue, we find that this argument coincides with the first element of issue preclusion: whether the issue raised in the current litigation is "'identical in all respects'" to the issue decided in the previous litigation. *Planned Parenthood*, ¶ 23 (quoting *Comm'r v. Sunnen*, 333 U.S. 591, 599-600, 68 S. Ct. 715, 720 (1948)). We recently addressed the identity of issues in *Planned Parenthood*, where we considered whether a previously-decided constitutional

10

challenge to the 1995 version of a law precluded the State from defending a similar constitutional challenge to the 2011 and 2013 versions of that law. *Planned Parenthood*, ¶ 2. We stated that although the same constitutional questions were raised in both the first and second suits, the laws being challenged were not substantively identical, and thus issue preclusion was inapplicable. *Planned Parenthood*, ¶¶ 15-17.

¶20 Here, although the same question—whether Omimex operates a single and continuous property—has been raised in both the first and second suits, the property at issue has changed, just as the laws at issue had changed in *Planned Parenthood*. Omimex has drilled additional wells, diverted one of its gas lines, and acquired additional oil production properties. The 2007 litigation did not determine, and indeed could not have determined, whether these newly acquired properties are operated as a single and continuous property. The issue raised in the present litigation is therefore similar, but not identical in all respects to the issue raised in the 2007 litigation. Issue preclusion requires not just similarity, but identity. *Planned Parenthood*, ¶ 23.

¶21 Further, we have previously observed that "each tax year is singular and self-contained." *Eagle Commc'ns v. Treasurer of Flathead Cnty.*, 211 Mont. 195, 203, 685 P.2d 912, 916 (1984). DOR conducts a separate assessment and imposes a separate tax for each year. *See, e.g.*, § 15-1-212, MCA (referring to "centrally assessed property or industrial property that is assessed annually by the department") and § 15-23-101, MCA ("The department shall centrally assess each year . . . ."). In the context of a requirement for annual assessment and valuation, and where Omimex has produced

11

evidence of changes in the characteristics of its property, application of issue preclusion is not appropriate.

¶22 In treating the issue as one of whether genuine questions of material fact existed as to the single and continuous property issue, rather than as to whether the issue litigated in 2007 was identical to the issue in the present litigation, the District Court concluded that Storm's affidavit describing changes to Omimex's property did not speak to whether Omimex operated a single and continuous property. This characterization is accurate, but fails to account for the fact that the affidavit was submitted in response to a motion for partial summary judgment based on issue preclusion. Thus, the affidavit was not submitted to prove that Omimex did not operate a single and continuous property; it was submitted to prove that the issue of whether Omimex operated a single and continuous property in tax year 2004 was not identical to the issue of whether Omimex operated a single and continuous property in tax year 2011. Because the current litigation addresses a different tax year, and because Omimex has produced evidence that the characteristics of its property have changed, Omimex has demonstrated the existence of genuine questions of material fact regarding whether the issue in the current litigation is identical to the issue in the 2007 litigation, precluding summary judgment under M. R. Civ. P. 56(c)(3).

¶23 For the foregoing reasons, the Order of the District Court granting partial summary judgment in favor of DOR is reversed.

/S/ LAURIE McKINNON

12

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE