No. 84-153

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

RICHARD C. LUSSY,

        Plaintiff and Appellant,

  -vs-

H. V. DYE and the Law Firm
of MILODRAGOVICH, DALE & DYE,
P.C.,

        Defendants and Respondents.

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Deer Lodge,
The Honorable Mark Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard C. Lussy, pro se, Seattle, Washington

    For Respondents:

        Worden, Thane & Haines, Missoula, Montana

Submitted on Briefs: Jan. 10, 1985

Decided: February 15, 1985

Filed: FEB 15 1985

_Ethel M. Harrison_

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The respondents were counsel for the appellant in a debt action brought by First Security Bank of Deer Lodge. The bank obtained a favorable judgment on December 1, 1978, in Powell County and a judgment was filed in both Powell County and Deer Lodge County. The bank proceeded toward having the appellant's property sold at a sheriff's sale, however, the appellant satisfied the judgment prior to the sale. A notice of satisfaction of judgment was filed in Powell County on March 2, 1979, but no notice was filed in Deer Lodge County.

On September 17, 1982 the appellant brought an action against the attorneys that had represented the bank in the debt action. The complaint in this action was subsequently amended to include the respondents, appellant's own attorneys in the debt action, as defendants on January 28, 1983. The appellant alleged that due to the respondents' and others' failure to file notice of satisfaction of judgment in Deer Lodge County, as was done in Powell County, the appellant was injured when a land sale failed due to the improper "cloud" on the title.

The respondents filed a motion to dismiss on February 28, 1983. The motion was based on the contention that the applicable statute of limitation barred the appellant's action. The motion was briefed by both parties and a hearing was held. On September 20, 1983 the District Court granted respondents' motion and ordered the appellant's complaint dismissed as to respondents. On January 10, 1984, the appellant moved for relief from the order dismissing the complaint against the respondents. This motion was based on

the contention that relief should be granted because the applicable statute of limitations did not bar the appellant's action against the respondents. The motion was briefed and a hearing was held. On February 24, 1984, the District Court denied the appellant's motion. This appeal followed.

We affirm.

This appeal concerns the application of Rule 60(b)(6) M.R.Civ.P. The issues on appeal are: 1.) whether the appellant had "any other reason justifying relief from the operation of the judgment" so that Rule 60(b)(6) could be applied; and 2.) whether the appellant brought the Rule 60(b)(6) motion within the required reasonable time.

The appellant contends that Rule 60(b)(6) applies because the District Court allegedly erred in ruling that the original complaint against the respondents was barred by the statute of limitations. In other words, the appellant attempted to apply Rule 60(b)(6) because the order from which relief was sought was allegedly erroneous. The proper avenue for seeking redress from an allegedly erroneous decision, solely on the basis that it is erroneous, is the appeal process.

It is not the intent of Rule 60(b)(6) to be a substitute for appeal. The substance of a motion for relief under Rule 60(b)(6) must be something more than a request for rehearing or a request that the District Court change its mind. It must be shown that something prevented a full presentation of the cause or an accurate determination on the merits and that for reasons of fairness and equity redress is justified.

It is important for the sake of the litigants and for the judicial system that litigation will at some time be finally ended. When the time for appeal has elapsed and no

grounds justify other relief the case is final as to all matters properly appealable. We find that the appellant's request for relief was grounded solely on the basis that the District Court order dismissing the respondents was erroneous, that such was properly appealable, and that the appellant has set forth no grounds that would justify the application of Rule 60(b)(6), M.R.Civ.P. We therefore hold that the District Court acted properly in denying the appellant's motion.

The resolution of this issue renders a discussion on the issue of reasonable time unnecessary. The order of the District Court shall stand.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

- 4 -