No. 92-417

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STEPHEN P. WEBER,

Plaintiff, Appellant and Cross-Respondent,

-v-

STATE OF MONTANA,

Defendant, Respondent and Cross-Appellant.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Eric B. Thueson, Thueson Law Office, Helena, Montana

For Respondent:

Maxon R. Davis, Cure, Borer & Davis, Great Falls,
Montana; William Gianoulias, Risk Management and
Tort Defense Division, Department of Administration,
Helena, Montana

FILED

Filed:   APR 1 9 1993

CLERK OF S... ...URT
STATE OF M...

Submitted on Briefs: January 21, 1993

Decided: April 19, 1993

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from an Order issued by the First Judicial District Court, Lewis and Clark County amending a previous judgment issued by the court following a jury trial. We affirm.

We consider the following issues on appeal:

1. Did the District Court err as a matter of law in assessing interest on the judgment award pursuant to § 2-9-317, MCA?

2. Did the District Court err in assessing half the cost of the trial transcript on appeal to the State?

This is the second appeal in this case. In the original action, Stephen P. Weber (Weber) brought a wrongful discharge action against the State of Montana. On September 27, 1990, a jury found for Mr. Weber and awarded him $33,230 in damages. The original judgment in this case was entered on November 9, 1990 and did not provide for costs or for post-judgment interest. On November 13, 1990, Weber filed a motion pursuant to Rule 59(g), M.R.Civ.P., to have the court include "costs."

On November 27, 1990, the District Court issued an Order granting Weber's motion to amend the judgment. In that Order the District Court awarded costs of over $3,000 plus the judgment award and "interest thereon at 10% per annum until paid." On December 4, 1990, the State filed a Rule 59, M.R.Civ.P., Motion to Amend the Amended Judgment which had been entered on November 27, 1990. In that motion the State requested that the District Court enter a nunc pro tunc order striking the post-judgment interest from the order because of the State's immunity to post-judgment interest

2

pursuant to § 2-9-317, MCA.

Before the District Court had time to rule on the State's motion, Weber filed the Notice of Appeal. The State then filed a cross-appeal. On January 2, 1991, the District Court granted the State's motion, issued a _nunc pro tunc_ order assessing costs but eliminating interest on the judgment award pursuant to § 2-9-317, MCA. Thereafter, both sides proceeded with the appeal of _Weber I_.

In its opinion this Court concluded that sufficient evidence existed to support the jury verdict, that the District Court properly admitted certain evidence, that the District Court properly instructed the jury, that the District Court properly denied plaintiff's motion for a new trial, and that Weber was not entitled to attorney fees and costs. See Weber v. State (1992), 49 St.Rep. 397. (_Weber I_).

On May 19, 1992, this Court issued Remittitur to the District Court. On May 20, 1992, Weber filed a Motion to Tax Costs of Appeal, claiming successful party status in the _Weber I_ appeal. The District Court granted that motion in part on June 11, 1992, and ordered the State to pay one-half of the $6,000 cost of transcribing the transcript on appeal.

On July 10, 1992, the State paid to Weber the judgment amount plus costs as prescribed by the _nunc pro tunc_ amended judgment. That payment of the judgment was made within the two year period described in § 2-9-317, MCA, so that interest was not appropriate. The total included the jury award of damages of $33,230.00 and $3,827.53 for costs for a total of $37,057.53. On July 14, 1992,

3

the State filed a Notice of Appeal from the Order granting motion to tax costs. On July 23, 1992, Weber moved the District Court for an order compelling the State to pay interest on the judgment. Within his motion, Weber argued that the District Court was without jurisdiction to issue the nunc pro tunc order after both parties had filed a notice of appeal and that it was without effect. Thus, Weber argued that the State should be compelled to pay interest.

On July 28, 1992, Weber filed a Partial Satisfaction of Judgment admitting that he had been paid the $37,057.53 by the State but refused to file a total satisfaction because the State had not paid interest on that amount. Interest on the judgment would amount to approximately $6,000.

On August 28, 1992, the District Court denied Weber's motion regarding post-judgment interest. The court stated that it lacked jurisdiction because Weber had already appealed to this Court from "all orders" of the District Court. Weber subsequently filed a Motion to Consolidate the various appeals, which was granted by this Court without opposition from the State.

The plaintiff is no relation to the author of this opinion.

I.

Did the District Court err as a matter of law in assessing interest on the judgment award pursuant to § 2-9-317, MCA?

Weber argues that § 2-9-317, MCA, on which the District Court based its nunc pro tunc order is unconstitutional under our State Constitution, Art. II, §18. According to Weber, § 2-9-317, MCA, is an immunity provision which must pass each house by a 2/3 vote, which it did not do. Weber claims that the amended judgment was

4

correct before the court changed it in its *nunc pro tunc* order because interest attaches to a judgment, regardless of what is expressly said in the judgment. Weber contends that since the amended judgment containing interest has been affirmed by this Court, it is that judgment which governs all other proceedings in this case.

The State argues that Weber did not object in a timely manner to the State's Motion to Amend the Judgment *nunc pro tunc* to delete an award of post-judgment interest which conflicted with the applicable statute. Thus, according to the State, Weber cannot now object to the State's motion. Further, the State contends that Weber cannot challenge the constitutionality of § 2-9-317, MCA, because that statute has been in effect for 15 years and he only has two years from passage of a legislative bill to challenge it on technical irregularities in the way it was passed. The State also argues that § 2-9-317, MCA, is not a sovereign immunity statute, and interest can be suspended by the legislature because it is not an integral part of the action.

Weber appealed "all orders of the District Court". One of those orders was the *nunc pro tunc* order in which the District Court did not assess interest against the State pursuant to § 2-9-317, MCA. We review a District Court's legal analysis as to whether it is correct. Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 803 P.2d 601. On appeal, Weber argues that § 2-9-317, MCA, is not controlling for various reasons. We disagree.

Section 2-9-317, MCA, is not a sovereign immunity statute. As

5

we stated in Jacques v. Montana Nat'l Guard (1982), 199 Mont. 493, 649 P.2d 1319, interest is a separate issue from the cause of action. Jacques, 199 Mont. at 508, 649 P.2d at 1327. And it is only the cause of action which is involved with sovereign immunity:

> **State subject to suit.** The state, counties, cities, towns, and all other local governmental entities shall have no immunity from suit for injury to a person or property, except as may be specifically provided by law by a 2/3 vote of each house of the legislature. (Emphasis added.)

Montana Constitution, Art. II, § 18 (1972). Thus, whether this statute passed either house with a 2/3 majority vote is irrelevant.

Further, interest does not accrue automatically as Weber argues:

> The judgment is itself a creation of law. It bears no interest unless granted by legislative enactment . . . A party is not entitled to interest merely because he has a judgment, but solely because the legislature, in its discretion has said he may charge interest.

Jacques, 199 Mont. at 507, 649 P.2d at 1327. In Jacques, we held that interest, not being a detriment arising from the wrongful act itself, can be suspended by statute. In the case before us, the statute which suspends interest assessed to the State was passed by the legislature. The 2/3 vote was not required because it was not a sovereign immunity statute. A majority vote was sufficient. We conclude that § 2-9-317, MCA, is constitutional as a limitation on interest assessed against the State and does not violate either the spirit or substance of Art. II, § 18 of the Montana State Constitution.

In addressing Weber's argument concerning his first appeal in Weber I, we note that we there addressed certain issues which

6

touched upon trial procedure, sufficiency of evidence to sustain a verdict, and Weber's claim for attorney's fees. We did not affirm any amended judgment entry which is now the central concern in this appeal.

We hold that the District Court did not err as a matter of law in assessing interest to the State pursuant to § 2-9-317, MCA.

II

Did the District Court err in assessing half the cost of the trial transcript on appeal to the State?

Appellant Weber paid the $6,072.00 cost of the transcript. According to Weber, both parties used the transcript for their appeals and both parties should, therefore, share the cost of the transcript.

The State argues that § 25-10-104, MCA, upon which the District Court based its ruling that the State should pay for half of the cost of the transcript is only discretionary in two situations: 1) when a new trial is ordered, and 2) when a judgment is modified. According to the State, in all other cases, only the "successful party" is entitled to recover his costs from the other party.

The applicable statute is § 25-10-104, MCA,

> **When costs of appeal are discretionary.** (1) In the following cases, the costs of appeal are in the discretion of the court: (a) when a new trial is ordered; (b) when a judgment is modified.
> (2) In all other cases the successful party shall recover from the other party his costs.

Here both parties appealed. In addition both parties were partially successful and partially unsuccessful. As pointed out in

7

Nyquist v. Nyquist (1992), ___ P.2d ___, 49 St.Rep. 927, 929, there are cases where both parties gain a victory but neither is the actual prevailing or successful party. That is the situation in the present case. Neither party can claim to be the totally successful party on appeal because both parties lost a portion of their appeal. In considering the transcript cost, the District Court stated: "For whatever reason, the State chose to file an appeal in this case. It benefitted, then, at Plaintiff's expense in using the transcript." We conclude that the District Court was correct in dividing the cost of the transcript.

We hold that the District Court did not err in assessing half the cost of the transcript to the State.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8

April 19, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Eric B. Thueson
THUESON LAW OFFICE
P.O. Box 535
Helena, MT 59624


MAXON R. DAVIS
CURE, BORER & DAVIS, P.C.
P.O. Box 2103
Great Falls, MT 59403-2103

WILLIAM GIANOULIAS
Risk Management and Tort Defense Division
Dept. of Administration
Capital Station      (picked up Copy)
Helena, MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
     Deputy

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 92-417

STEPHEN P. WEBER,           )
        Plaintiff, Appellant and   )
        Cross-Respondent,          )
                                   )        MAY 25 1993
v.                                 )        O R D E R
                                   )
STATE OF MONTANA,                  )
        Defendant, Respondent and  )
        Cross-Appellant.           )

The opinion in this cause was filed with the Clerk of this Court on May 5, 1993, and is herein referred to as Opinion. We have concluded that the statements of one of the issues and our holding are confusing in terminology. We therefore make the following changes in the Opinion.

IT IS ORDERED:

1. That the following statement of Issue I at Page 1 of the Opinion is withdrawn:

> 1. Did the District Court err as a matter of law in assessing interest on the judgment award pursuant to § 2-9-317, MCA?

2. That the following statement of Issue I shall be added to the Opinion in place of the issue withdrawn under the foregoing paragraph 1:

> 1. Did the District Court err as a matter of law in eliminating interest on the judgment award pursuant to § 2-9-317, MCA?

-3. That the following statement of Issue I at Page 4 of the Opinion is withdrawn:

Did the District Court err as a matter of law in assessing interest on the judgment award pursuant to § 2-9-317, MCA?

4. That the following statement of Issue I shall be added to the Opinion in place of the issue withdrawn under the foregoing paragraph 3:

Did the District Court err as a matter of law in eliminating interest on the judgment award pursuant to § 2-9-317, MCA?

5. That the following statement of our holding on Issue I at page 7 of the Opinion is withdrawn:

We hold that the District Court did not err as a matter of law in assessing interest to the State pursuant to § 2-9-317, MCA.

6. That in place of the holding described in the foregoing paragraph 5, the following sentence shall be added at page 7 of the Opinion:

We hold that the District Court did not err as a matter of law in eliminating interest to the State pursuant to § 2-9-317, MCA.

7. That the Clerk shall provide copies of this order to counsel for the parties, the District Court of the First Judicial District, Honorable Jeffrey Sherlock presiding, the State Reporter, and West Publishing Company.

DATED this 25ᵗʰ day of May, 1993.

_____
Justice

We concur:

_____
Chief Justice

William E. Hunt Sr.

John Conway Harrison

Karla M. Gray
                Justices