No. 04-126

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 24

IN RE THE MARRIAGE OF

SHANE WILLIAM SCHOENTHAL,

        Petitioner and Appellant,

   and

LEANN JEAN SCHOENTHAL,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead, Cause No. DR 2000-589 A,
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Paula M. Johnson-Gilchrist, Attorney at Law, Whitefish, Montana

      For Respondent:

           George B. Best, Attorney at Law, Kalispell, Montana

          Submitted on Briefs:  July 7, 2004

             Decided:  February 15, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Shane Schoenthal ("Shane") and LeAnn Siderius Schoenthal ("LeAnn") were married July 4, 1995. The marriage produced one child. The District Court entered a decree of dissolution and distribution of the marital estate on September 19, 2003. Thereafter, Shane filed a Rule 59(g), M.R.Civ.P., motion to alter or amend judgment. The District Court denied this motion as untimely. Shane also filed a motion for relief from judgment under Rule 60, M.R.Civ.P., which was denied. Shane appeals the denial of his post-trial motions and challenges the District Court's property distribution. We affirm the District Court in part, and reverse and remand for further proceedings.

¶2     Shane presents twelve issues on appeal. The first five issues address the denial of Shane's Rule 59, M.R.Civ.P., motion to amend the decree because it was untimely; and the denial of his Rule 60, M.R.Civ.P., motion for relief from the decree. Then, Shane attempts to raise seven additional issues on appeal. These latter seven issues concern whether the District Court abused its discretion in distributing the marital estate. Because we affirm the District Court's conclusion that Shane's Rule 59 motion was untimely, the challenges to the District Court's property distribution were not timely appealed and are not properly before this Court. Thus, they will not be addressed. We restate and address the issues before us as follows:

¶3     1. Did the District Court err in concluding Shane's motion for post-trial relief under Rule 59 was untimely?

¶4     2. Did the District Court abuse its discretion in not granting Shane's Rule 60(a), M.R.Civ.P., motion to correct clerical mistakes?

2

¶5    3. Did the District Court abuse its discretion in not granting Shane relief under Rule 60(b)(1) or 60(b)(6), M.R.Civ.P.?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6    Shane and LeAnn were married on July 4, 1995. One child was born of the marriage. The parties separated in February of 2000 and a Petition for Parenting Plan and Dissolution was filed in November of 2000.

¶7    On September 19, 2003, the District Court entered its findings of fact and conclusions of law dissolving the marriage, determining custody, setting child support, and distributing the marital estate. Notice of entry of judgment was filed and mailed to Shane's counsel on September 26, 2003. On October 16, 2003, Shane, through counsel, filed a Rule 59, M.R.Civ.P., motion to reconsider, for a new trial, and to alter or amend judgment. LeAnn objected to the motion as untimely. On November 21, 2003, Shane replied to LeAnn's objection that his Rule 59 motion was untimely, and included in such reply a motion under Rule 60, M.R.Civ.P., for relief from the September 19, 2003, decree. On December 9, 2003, the District Court entered its order denying Shane's Rule 59 motion as untimely, and denying all relief under Rule 60, M.R.Civ.P. Shane appeals the District Court's December 9, 2003, order.

¶8    Additional facts are set forth below as necessary.

## STANDARD OF REVIEW

¶9    We review discretionary trial court rulings to determine whether a district court abused its discretion. *Johnson v. Hamilton*, 2003 MT 199, ¶ 9, 317 Mont. 24, ¶ 9, 75 P.3d 778, ¶ 9. "This standard may be applied to rulings on post-trial motions, which

3

'encompa[ss] the power of choice among several courses of action, each of which is considered permissible.'" *Johnson*, ¶ 9 (citations omitted).

## DISCUSSION

## ISSUE 1

¶10 **Did the District Court err in concluding Shane's motion for post-trial relief under Rule 59 was untimely?**

¶11 Rule 59(b) and 59(g), M.R.Civ.P., provide that motions for a new trial or to alter and amend a judgment must be served within ten days after service of the notice of entry of judgment. Concerning the time to file such motions we have held:

> Rule 6(a), M.R.Civ.P., provides that when a rule calls for less than eleven days, Saturdays and Sundays are not counted. However, we held in *DeTienne* that Saturdays and Sundays would not be excluded from the initially added three days which are allowed for mailing and that these days would be counted prior to the counting of the prescribed period for serving a motion.

*Dunkelberger v. Burlington Northern R. Co.* (1994), 265 Mont. 243, 247, 876 P.2d 218, 220.

¶12 Notice of entry of judgment was entered and mailed on September 26, 2003. From this date Shane had ten days to file his Rule 59, M.R.Civ.P., motion. Pursuant to Rule 6(a), M.R.Civ.P., intermediate Saturdays, Sundays and holidays are excluded from the ten day computation. In this instance, Monday, October 13, 2003, was also excluded as under § 1-1-216, MCA, Columbus Day is a legal holiday. Further, because the notice of entry of judgment was mailed, Shane had an additional three days. Rule 6(e), M.R.Civ.P. Calculating the time in accordance with the above mentioned rules and *DeTienne Assoc. Ltd. Partnership v. Montana Rail Link, Inc.* (1993)*, 261 Mont. 238, 241-42, 862 P.2d 1106, 1108,* Shane's motion for a new trial or to alter or amend the judgment needed to be filed on or

4

before October 14, 2003. Here, Shane filed his Rule 59 motion on October 16, 2003.

¶13 Although Shane urges this Court to overrule *DeTienne,* and conclude that his Rule 59(g) motion was timely, we decline to do so.

¶14 Under Rule 5(a)(1), M.R.App.P., notice of appeal must be filed within 30 days from the date of the entry of the judgment or order appealed from. Because Shane's Rule 59, M.R.Civ.P., motion was untimely, it did not toll the time period for Shane to appeal the District Court's decree of September 19, 2003. Rule 5(a)(4), M.R.App.P. The time to file an appeal concerning the matters decided in the September 19, 2003, decree expired and the decree became final, subject only to Shane's motion for relief under the various provisions of Rule 60, M.R.Civ.P. A Rule 60, M.R.Civ.P., motion, however, may not be used as a substitute for appeal. *Donovan v. Graff* (1991), 248 Mont. 21, 25, 808 P.2d 491, 494; *see also Lussy v. Dye* (1985), 215 Mont. 91, 93, 695 P.2d 465, 466 ("The proper avenue for seeking redress from an allegedly erroneous decision, solely on the basis that it is erroneous, is the appeal process").

## ISSUE 2

¶15 **Did the District Court abuse its discretion in not granting Shane's Rule 60(a), M.R.Civ.P., motion to correct clerical mistakes?**

¶16 Shane argues that although a Rule 59, M.R.Civ.P., motion may be untimely, under some circumstances we have allowed an untimely Rule 59 motion to be considered as a timely Rule 60, M.R.Civ.P., motion.

> [A] motion that is made under Rule 59, which is not timely and hence may not properly be considered under that Rule, may, nevertheless, be considered as a motion under Rule 60 when it states grounds for relief under this latter rule.

5

*Ring v. Hoselton* (1982), 197 Mont. 414, 424, 643 P.2d 1165, 1171 (citations omitted).

Shane filed a motion for relief from the September 19, 2003, decree under Rule 60(a), (b)(1), (6), M.R.Civ.P., within 60 days of the notice of entry of judgment. Thus, it was within the discretion of the District Court to grant him relief, guided by applicable precedent.

¶17    Shane has averred that he is entitled to relief from alleged clerical errors made by the District Court under Rule 60(a), which provides:

> (a) Clerical mistakes in judgments, orders or other parts of the record, and in pleadings, and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party after such notice, if any, as the court orders.

¶18    Rule 60(a) is only for the purpose of correcting clerical mistakes.

> Rule 60, M.R.Civ.P., permits a court to correct "clerical mistakes" in judgments, orders, pleadings, or "other parts of the record" upon motion of a party or its own initiative. Rule 60(a), M.R.Civ.P. The court may also "on motion and upon such terms as are just," and for a variety of reasons, relieve parties from judgments or final orders. Rule 60(b), M.R.Civ.P.

> Rule 60(a), M.R.Civ.P., which permits the correction of clerical errors, is of occasional use to judges and lawyers but seldom has a crucial effect. The courts have not permitted it to be used to relitigate matters already decided or to change what the court has deliberately done. It simply allows the doing, at a later date, of what was originally intended but not accomplished.

*In re Marriage of Cannon* (1985), 215 Mont. 272, 274-75, 697 P.2d 901, 902, *citing* William F. Crowley, Montana Pleading and Practice Forms, 275 (1983).

¶19    "Rule 60(a) preserves the common-law power of District Courts to correct clerical errors in judgments at any time, since correction of such error by definition does not alter the substantive rights of the parties." *Thomas v. Thomas* (1980), 189 Mont. 547, 550, 617 P.2d 133, 135. Clerical mistakes and errors are those errors which misrepresent the court's

6

original intention. *Muri v. Frank,* 2001 MT 29, ¶ 12, 304 Mont. 171, ¶ 12, 18 P.3d 1022, ¶ 12. It is not the purpose of Rule 60(a) to set aside a judgment actually rendered nor change what was originally intended. *State v. Owens* (1988), 230 Mont. 135, 138, 748 P.2d 473, 474, citing *Dahlman v. Dist. Court., Seventeenth Jud. Dist.* (1985), 215 Mont. 470, 473, 698 P.2d 423, 425. In *Thomas v. Thomas,* 189 Mont. at 550-51, 617 P.2d at 135-36, we readopted *State ex rel. Union Bank & Trust Co. v. Dist. Court* (1939), 108 Mont. 151, 156, 91 P.2d 403, 406, regarding the use of Rule 60(a), M.R.Civ.P., to correct omissions:

> In case of an omission or error in the record, the power exists in the court to amend such record so that it shall conform to the actual facts and truth of the case; but a court cannot amend its record to correct a judicial error or to remedy the effect of judicial non-action . . . The authority of a court to amend its record by a nunc pro tunc order is to make it speak the truth, but not to make it speak what it did not speak but ought to have spoken . . . Errors into which the court itself falls can be corrected only by motion for a new trial or by appeal.

> That orders made by a court through mistake, inadvertence, want of sufficient consideration, oversight or otherwise, where they affect the substantial rights of litigants are judicial errors and cannot be corrected or removed by summary action of the court which made them . . . . [Internal citations omitted.]

¶20    Shane argues that the District Court made a number of clerical errors in its findings of fact because it adopted LeAnn's proposed findings that were not supported by the record, were contrary to the record and that the District Court omitted certain necessary findings. Thus, Shane claims the decree cannot express the true intention of the District Court.

¶21    Specifically, Shane asserts correctable errors under Rule 60(a), M.R.Civ.P., as follows:

¶22    The District Court's finding of fact No. 11 provides that Shane is obligated for 70% of non-covered medical and related health care expenses and LeAnn is obligated for the

7

remaining 30%. Shane asserts that this is a "clerical error" in that it differs from the calculations of Mr. Bourdeau, an expert retained by the parties to calculate child support. However, there is no clerical error here. The District Court made its decision based on the record and that decision is reflected in the decree.

¶23 The District Court's findings of fact No. 15 and 16 assign earnings of at least $70,000 to Shane and $45,000 to LeAnn. Shane asserts that this is a "clerical error" in that it differs from the calculations of Mr. Bourdeau. Again, this is not a clerical error. The District Court had evidence before it and the decree announced the District Court's decision.

¶24 Shane argues that the calculation of an $8,000 child support arrearage is supported by neither the testimony or the exhibits, and was mistakenly adopted based solely on LeAnn's proposed findings of fact. The record contains evidence regarding past child support and calculations upon which the District Court could compute an arrearage. This decision by the District Court is not the result of a clerical error.

¶25 Shane argues that the District Court should clarify the schedule by which the parties will alternate claiming the child as an exemption for income tax purposes. However, the District Court did so at page 8 of its Findings of Fact, Conclusions of Law and Decree of Dissolution wherein it provided that Petitioner (Shane) "shall be entitled to claim the minor child as a dependent for state and federal income tax purposes in even numbered years." There is no clerical error.

¶26 The District Court's finding of fact No. 21 values Shane's shop equipment and business equipment. Shane argues that this finding of fact contains a clerical error in that a date of separation value is assigned but no value is deducted as of the date of the parties'

8

marriage. In fact, the District Court's finding indicates that *during the marriage* Petitioner acquired shop equipment and business equipment having a value of $8,980. There is no clerical error.

¶27 Shane further argues that the District Court, by oversight, made no provision for payment of one-half of an expert accountant's fee that the parties agreed to divide. In addition, Shane asserts that the District Court failed to award a bow to either party. The District Court received testimony that the bow in question was a gift from LeAnn to Shane and that after the parties' separation LeAnn retrieved the bow from Shane's possession and gifted it to her son. Shane argues that the bow belongs to him. LeAnn argues that the bow is not available for distribution. The District Court did not make any determination regarding the payment of the expert's fee and whether the bow is a part of the marital estate. These omissions are properly matters for appeal or a timely motion to alter or amend the judgment and are not clerical errors correctable under Rule 60(a), M.R.Civ.P. *See Thomas,* 189 Mont. 547, 550-52, 617 P.2d 133, 135-36.

¶28 The District Court's finding of fact No. 26 states that debts on a parcel of real property that is a part of the marital estate totaled $61,302. Shane points out that the record shows that such debt on the date of separation was not $61,302, the amount stated by the Court, but $69,962, a difference of $8,660. Shane's exhibits show that the debt totaled $69,962 at the time the parties separated. There appears no support in the evidence for the $61,302 figure found by the District Court. LeAnn has not called either the District Court or this Court's attention to any evidence that would show the District Court did not simply make a mistake. This may indeed be a clerical error correctable under Rule 60(a),

9

M.R.Civ.P.

¶29 The intention of the District Court was to equitably divide the marital estate. To this end it calculated the estate's value, and provided for payment of fees and costs. However, it appears the District Court may have made at least one clerical error which could be corrected under Rule 60(a), M.R.Civ.P.

¶30 The District Court, in its order denying Shane's Rule 60 motion, was correct when it stated that by such motion Shane was basically seeking to have the decree set aside for insufficiency of the evidence. Such was obviously the thrust of the motion, as well as of this appeal. However, Shane did, along with his Rule 59 and Rule 60(b) motions, request that the District Court correct possible clerical mistakes. To the extent it did not consider possible errors within the purview of Rule 60(a), the District Court abused its discretion. We conclude we must remand the matter set forth in ¶ 28 for the District Court to consider whether an error exists, and if so, whether it may be corrected under Rule 60(a), M.R.Civ.P.

## ISSUE 3

¶31 **Did the District Court abuse its discretion in not granting Shane relief under Rule 60(b)(1) or 60(b)(6), M.R.Civ.P.?**

¶32 Pursuant to Rule 60(b), M.R.Civ.P.:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.

¶33 A "mistake" is defined for Rule 60(b) purposes, as "some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence." *In re*

10

*Marriage of Broere* (1994), 263 Mont. 207, 209, 867 P.2d 1092, 1094.

> "[M]istake," "inadvertence," and "excusable neglect" require some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney . . .
>
> [Moreover], relief is afforded under subsection (6) of Rule 60(b) in extraordinary situations when circumstances go beyond those covered by the first five subsections or when a party in whose favor judgment was entered has acted improperly. [Internal citations omitted.]

*In re Marriage of Castor* (1991), 249 Mont. 495, 499-500, 817 P.2d 665, 667-68.

¶34 Shane has not shown that his attorney's miscalculation of the time limit to file a motion under Rule 59, M.R.Civ.P., or indeed, to file a timely appeal of the District Court's findings and conclusions, constitutes a mistake, inadvertence, or excusable neglect beyond mere carelessness or ignorance of the law. As such, relief is not proper under Rule 60(b)(1), M.R.Civ.P.

¶35 Shane also argues that he is entitled to relief from the judgment under Rule 60(b)(6). However,

> It is not the intent of Rule 60(b)(6) to be a substitute for appeal. The substance of a motion for relief under Rule 60(b)(6) must be something more than a request for rehearing or a request that the District Court change its mind. It must be shown that something prevented a full presentation of the cause or an accurate determination on the merits and that for reasons of fairness and equity redress is justified.

*Lussy*, 215 Mont. at 93, 695 P.2d at 466.

¶36 Here, Shane has not alleged that he was somehow prevented from a full presentation of his case. Rather, he is arguing that the District Court's decision to deny his motions must be reversed because the District Court refused to change its mind.

¶37 The District Court concluded that under the present circumstances, Shane's untimely

11

Rule 59, M.R.Civ.P., motion should not be treated as a timely Rule 60(b), M.R.Civ.P., motion because it determined that Shane's "motion does not state grounds for relief under Rule 60(b)(1) or (6)." In this instance the Rule 59 motion to amend the decree or grant a new trial was untimely because counsel miscalculated the time requirements. This mistake does not constitute incapacity, gross neglect, or misconduct of counsel causing such prejudice that the District Court abused its discretion in refusing to grant Rule 60(b) relief. Shane has not been denied his day in court. *See Lussy,* 215 Mont. at 93, 695 P.2d at 466.

## CONCLUSION

¶38    The District Court is affirmed as to its conclusion that Shane's Rule 59, M.R.Civ.P., motion was untimely. The District Court did not abuse its discretion in denying relief under Rule 60(b), M.R.Civ.P., and such denial is affirmed. We reverse the District Court's denial of Shane's request for relief under Rule 60(a), M.R.Civ.P., and remand for consideration of whether the amount of the debt referenced in ¶ 28 is correctly stated in the decree, and if it is not, for the District Court to make necessary amendments so the decree correctly states its intention.


/S/ JOHN WARNER


We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM RICE


12