DA 09-0350

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 411

RYAN FUNKE,

      Plaintiff and Appellee,

    v.

THE ESTATE OF BERT SHULTZ, d/b/a
BAYVIEW CENTER,

      Defendant,

   and

CITY OF POLSON,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Twentieth Judicial District,
                    In and For the County of Lake, Cause No. DV 04-176
                    Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            William L. Crowley; Boone Karlberg P.C., Missoula, Montana

        For Appellee:

            John M. Fitzpatrick; Buxbaum, Daue & Fitzpatrick, PPL, Missoula,
            Montana

                          Submitted on Briefs:  October 28, 2009

                                      Decided:  December 1, 2009

Filed:

               _____
                          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 The Twentieth Judicial District Court, Lake County, denied the City of Polson's post-judgment motion to eliminate the assessment of interest from the judgment entered against it in this matter. The City appeals. We reverse.

¶2 The issue is whether the District Court erred in denying the City's motion to remove the assessment of post-judgment interest from the judgment against the City.

BACKGROUND

¶3 Funke brought this action to recover damages for injuries he suffered when a deck on which he was standing at the Diamond Horseshoe lounge and casino collapsed in 2004. A jury trial was held, and the jury found for Funke, apportioning liability 95 percent to the Estate of Bert Shultz and 5 percent to the City of Polson. The District Court entered judgment accordingly, ordering that the $618,491.46 judgment shall bear interest at the legal rate of 10 percent from the date of original judgment. On February 24, 2009, we affirmed the District Court's judgment against the defendants. *Funke v. City of Polson*, 2009 MT 49N.

¶4 On April 17, 2009, the City moved the District Court to amend the judgment, pursuant to M. R. Civ. P. 60(a), "to correct a clerical mistake." The City pointed out the court had failed to apply § 2-9-317, MCA. That statute provides:

> Except as provided in 18-1-404(1)(b), if a governmental entity pays a judgment within 2 years after the day on which the judgment is entered, no penalty or interest may be assessed against the governmental entity.

The City argued that, because it paid the principal amount of the judgment against it

2

within 2 years after the judgment was entered, it could not be required to pay interest on the judgment.

¶5     Funke opposed the motion on two grounds:  that the issue raised did not fit the definition of a "clerical mistake," and that the City had waived its argument by failing to move to amend the judgment within 10 days after it was entered, under M. R. Civ. P. 59(g), or for relief from the judgment within 60 days under M. R. Civ. P. 60(b), and by failing to raise the issue on appeal to this Court.  The District Court denied the City's motion to amend the judgment in a brief order, without setting forth its rationale.  The City appeals.

## STANDARDS OF REVIEW

¶6     We review rulings on Rule 60(a) motions for abuse of discretion.  *Muri v. Frank*, 2001 MT 29, ¶ 7, 304 Mont. 171, 18 P.3d 1022.   Our standard of review of the interpretation and application of a statute to particular circumstances is whether the district court was correct as a matter of law.   *Yellowstone Fed. Credit Union v. Daniels*, 2008 MT 111, ¶ 11, 342 Mont. 451, 181 P.3d 595.

## DISCUSSION

¶7     *Did the District Court err in denying the City's motion to remove the assessment of post-judgment interest from the judgment against the City?*

¶8      The City's motion to correct the assessment of judgment interest was premised on the idea that inclusion of interest against the City was a clerical error.  The District Court rejected that claim.

¶9     We previously discussed the meaning of "clerical mistake" as used in M. R. Civ.

3

P. 60(a), in *In re Marriage of Schoenthal*, 2005 MT 24, ¶ 19, 326 Mont. 15, 106 P.3d 1162. In that case, the appellant attempted to categorize the trial court's adoption of findings not supported by the record and omission of certain necessary findings as clerical error. We said:

> Clerical mistakes and errors are those errors which misrepresent the court's original intention. It is not the purpose of Rule 60(a) to set aside a judgment actually rendered nor change what was originally intended. . . . "In case of an omission or error in the record, the power exists in the court to amend such record so that it shall conform to the actual facts and truth of the case; but a court cannot amend its record to correct a judicial error or to remedy the effect of judicial non-action. . . . The authority of a court to amend its record by a nunc pro tunc order is to make it speak the truth, but not to make it speak what it did not speak but ought to have spoken. . . . Errors into which the court itself falls can be corrected only by motion for a new trial or by appeal.
>
> . . . [O]rders made by a court through mistake, inadvertence, want of sufficient consideration, oversight or otherwise, where they affect the substantial rights of litigants are judicial errors and cannot be corrected or removed by summary action of the court which made them[.]"

*Marriage of Schoenthal*, ¶ 19 (citations omitted). We rejected the appellant's Rule 60(a) argument as to several matters on which the district court had made its decision based on the record and that decision was reflected in the decree. *See Marriage of Schoenthal*, ¶¶ 22-26. However, as to several matters on which the district court did not make findings, and as to a figure in the judgment supposedly representing the amount of debt on a parcel of real property—for which figure there was no support in the record—we ruled the district court had abused its discretion by not considering possible errors, and remanded to allow the court to consider whether clerical error existed. *See Marriage of Schoenthal*, ¶¶ 27, 28.

¶10 Here, the attempt to shoehorn consideration of § 2-9-317, MCA, into the "clerical error" category fails. There simply is no indication in the record that the District Court intended to apply the statute at the time it entered judgment. Assuming that the City of Polson had not yet paid the judgment at the time judgment was entered—as seems logical—application of § 2-9-317, MCA, would have been premature at the time the judgment was entered. We conclude the City's motion to eliminate from the judgment the assessment of interest was not cognizable as a Rule 60(a) motion. To that extent, the District Court was correct.

¶11 However, the District Court's failure to apply § 2-9-317, MCA, in this case was an error of law. It is uncontested that the City paid the principal amount of the judgment against it within 2 years after the judgment was entered. Further, the City did not waive argument based on § 2-9-317, MCA—it raised the statute in the pretrial order. When the City paid the judgment within 2 years after its entry, the portion of the judgment requiring the City to pay interest was rendered invalid, pursuant to § 2-9-317, MCA.

¶12 We have held on numerous occasions that the substance of a document controls, not its caption. *Mallak v. State,* 2002 MT 35, ¶ 15, 308 Mont. 314, 42 P.3d 794. So it is with the City's motion. To affirm the District Court's denial of the City's motion as within the court's discretion under M. R. Civ. P. 60(a) would be incorrect, as a matter of law, because the court failed to apply § 2-9-317, MCA. Similarly, Funke's argument that the City's motion was subject to, and did not meet, M. R. Civ. P. 59 time requirements must fail. The 2-year timeframe granted under § 2-9-317, MCA, extends long beyond the 10 days allowed for motions to amend the judgment under Rule 59. Requiring

applications of § 2-9-317, MCA, to meet Rule 59 time requirements would gut the 2-year provision of the statute.

¶13    We previously have upheld a district court's elimination of an assessment of judgment interest against the State of Montana which was based on a motion for a nunc pro tunc order applying § 2-9-317, MCA. *See Weber v. State*, 258 Mont. 62, 65-66, 852 P.2d 117, 119-20 (1993). Alternatively, a motion to apply § 2-9-317, MCA, could be entitled as precisely that.

¶14    We conclude the District Court erred in failing to apply § 2-9-317, MCA, and strike the assessment of post-judgment interest from the judgment against the City. Reversed and remanded for further proceedings consistent with this Opinion.


                                              /S/ MIKE McGRATH


We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM RICE