FILED

September 23 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 14-0105

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 260N

---

FRED G. CARL,

> Plaintiff and Appellant,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for American
Home Mortgage Assets Trust 2007-1,
Mortgage-backed Pass-through
Certificates Series 2007-1 and DOES
1 through 50 inclusive,

> Defendants and Appellees.

---

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-13-467
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:
>
> > Fred G. Carl, self-represented, Missoula, Montana
>
> For Appellee Deutsche Bank National Trust Company:
>
> > Jenny M. Jourdannais, Garlington, Lohn & Robinson, PLLP, Missoula, Montana

---

Submitted on Briefs:  August 27, 2014
Decided:  September 23, 2014

Filed:

---
                                Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Fred Carl filed a 23-page complaint in the Fourth Judicial District Court, Missoula County, on April 23, 2013. In reviewing the complaint, the District Court noted that the complaint consisted largely of conclusory allegations and improper legal arguments. The court deduced, however, that Carl was seeking to prevent a non-judicial foreclosure sale.

¶3 Previously, in November 2006, Carl borrowed $192,000 from AHM Mortgage. The promissory note was secured by a deed of trust on property in Mineral County, Montana. The deed of trust was recorded in Mineral County on November 28, 2006. First American Title Insurance Company was listed as trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) was listed as beneficiary and as nominee for AHM and its successors and assigns. MERS later assigned the deed of trust to Defendant Deutsche Bank National Trust on March 6, 2009.

¶4 Carl failed to make monthly payments and was in default on the promissory note as of 2008. He nevertheless continued to reside on the property. On January 25, 2013, a Notice of Trustee's Sale was recorded in Mineral County setting the trustee's sale for May 31, 2013. Carl initiated the present action on April 23, contending that Deutsche Bank lacked standing to enforce the promissory note and foreclose on the property. His

2

theory was that Deutsche Bank had not proved it is the rightful owner of both the note and the deed of trust through a "perfected chain of title."

¶5 The District Court construed Carl's allegations as challenging the securitization process—i.e., the process of pooling loans and selling shares in the pools to investors on the open market. *See Cmmw. Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1197 n.2 (10th Cir. 2011). The District Court observed, however, that challenges to the securitization process and assignments of the promissory note and deed of trust from one entity to another have been rejected in various cases. In support of this proposition, the court cited *Heffner v. Bank of Am.*, No. CV 11-144-M-JCL, 2012 U.S. Dist. LEXIS 64668 (D. Mont. May 8, 2012); *Paatalo v. J.P. Morgan Chase Bank, N.A.*, No. CV 10-119-BLG-CSO, 2012 U.S. Dist. LEXIS 90101 (D. Mont. June 28, 2012); and *Joseph v. Bank of Am., N.A.*, No. CV 11-129-BLG-RFC, 2012 U.S. Dist. LEXIS 173944 (D. Mont. Dec. 7, 2012). Accordingly, the District Court concluded that even if there were a flaw in the assignment of the deed of trust at issue here, Carl does not have standing to raise that flaw to challenge Deutsche Bank's chain of title and its right to enforce the note.

¶6 On October 8, 2013, the District Court granted Deutsche Bank's motion under M. R. Civ. P. 12(b)(6) and dismissed Carl's complaint, with prejudice, for failure to state a claim upon which relief can be granted. Carl thereafter filed two motions, one on November 4, 2013, and the other on November 29, 2013, which the District Court treated as a single motion under M. R. Civ. P. 60(b) for relief from a final judgment or order.

¶7 The District Court denied the Rule 60(b) motion on January 21, 2014. The court noted that Carl's apparent purpose in this lawsuit "is to avoid paying for his property by convincing the Court he is entitled to have title and ownership in the property free and clear by quieting title solely in his name, leaving the creditors and investors without legal recourse to recover payment of the promissory note." The court observed that Carl is clearly and undeniably in default of the loan secured by the subject deed of trust, and that he owes the debt under the promissory note regardless of any assignments of the rights to collect the debt. The court reasoned that "[w]hether the entity seeking to enforce the promissory note by way of non-judicial foreclosure is the rightful entity to do so does not change the Plaintiff's legal obligation to pay the debt, and certainly does not entitle the Plaintiff to full title and possession of the property." The District Court reaffirmed that Carl lacked standing to challenge Deutsche Bank's right to sell the subject property through a non-judicial foreclosure sale, that there was no legal basis for quieting title and possession of the property solely in Carl's name, and that Carl had failed to establish any grounds for relief from the court's earlier order dismissing his complaint with prejudice.

¶8 On appeal, Carl articulates four separate issues; however, we agree with Deutsche Bank that the sole, dispositive question is whether the District Court properly denied his Rule 60(b) motion. In this regard, Carl appears to rely on subsections (1), (4), and (6) of the Rule, which state: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . (6) any other reason that justifies relief." M. R. Civ. P. 60(b). Deutsche Bank argues in

4

response that Carl has failed to show he is entitled to relief pursuant to these provisions. Under subsection (1), Carl does not identify any mistake, inadvertence, surprise, or excusable neglect as we have defined these terms in our caselaw, *see In re Marriage of Schoenthal*, 2005 MT 24, ¶ 33, 326 Mont. 15, 106 P.3d 1162; he instead argues that the District Court's order was simply decided incorrectly. Under subsection (4), Carl fails to identify any basis for concluding that the District Court's judgment is void. And under subsection (6), he fails to demonstrate extraordinary circumstances justifying relief. *See Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 25, 338 Mont. 423, 166 P.3d 451.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the record and the briefs, we conclude that Carl has not shown error in the District Court's decision for which he is entitled to relief.

¶10 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE