FILED

06/21/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0488

DA 15-0488

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 155N

HELEN L. BRITTON and JOHN R. BRITTON,
or their Successors, as TRUSTEES OF
THE BRITTON JOINT TRUST,

        Plaintiffs, Counterclaim
        Defendants and Appellees,

    v.

ELISE C. BROWN,

        Defendant, Counterclaim
        Plaintiff and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                    In and For the County of Lake, Cause No. DV 07-299
                    Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Randy J. Cox, Boone, Karlberg P.C., Missoula, Montana

                Jack R. Tuholske, Tuholske Law Office PC, Missoula, Montana

        For Appellee:

                Kyle A. Gray, Michelle M. Sullivan, Holland & Hart LLP, Billings,
                Montana

                William T. Wagner, Garlington, Lohn & Robinson, PLLP, Missoula,
                Montana

                Jane E. Cowley, Worden Thane P.C., Missoula, Montana

                          Submitted on Briefs:  April 13, 2016
                                  Decided:  June 21, 2016

Filed:

                            _____
                                      Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Elise C. Brown appeals the judgment of the Twentieth Judicial District Court, Lake County. Specifically, Brown contests the portion of the judgment that granted the Brittons a septic easement burdening Brown's portion of the partitioned property, which was later reiterated by oral order on the Brittons' motion to enforce judgment. We affirm.

¶3 The parties are owners as tenants in common of property located on Flathead Lake, which they inherited from Helen Britton's and Brown's parents. In 2007, the Brittons sued Brown seeking partition of the property. After much litigation, in 2014, the District Court conducted a three-day bench trial resulting in a judgment that ordered the partition in kind of the property into two parcels of equal value. The court based its order in part on a professional appraisal prepared for the purposes of the litigation by appraiser James Kelley, on behalf of Brown. The court awarded Brown "hypothetical parcel one," and the Brittons "hypothetical parcel two," each "as set forth in the Kelley Appraisal." Brown's parcel included a cabin with a private septic system, and a boat dock. The Brittons' parcel included no improvements. Under the descriptions of both parcels the

appraisal outlined the proposal for a septic easement burdening parcel one. The appraisal further reflected the value of the easement in the valuation of parcel one.

¶4 In April 2015, the Brittons filed a motion for enforcement of judgment seeking to enforce the provisions of the judgment that apply to surveying the partition line and the septic easement. In response and on appeal, Brown maintains a septic easement burdening her portion of the property was not created by the judgment. In July 2015, the court held a hearing on the Brittons' motion. At the conclusion of the hearing the court determined the septic easement was not at issue, and to the extent the judgment was unclear regarding the easement's existence the court determined the Kelley Appraisal accounted for the easement in the valuation of the parcels, which the court both intended to and did incorporate into the judgment.

¶5 A court has the "inherent power to enforce its judgments and decrees, and to make such orders and issue such process as may be necessary to render [judgments and decrees] effective." *Smith v. Foss*, 177 Mont. 443, 446, 582 P.2d 329, 332 (1978) (citation omitted). Furthermore, a court has the power to amend a judgment to express what the court actually decided and grant the relief it originally intended. *In re Marriage of Cannon*, 215 Mont. 272, 274, 697 P.2d 901, 902 (1985). A court may correct any clerical error found in a judgment at any time. M. R. Civ. P. 60(a). A clerical error is one that misrepresents the court's original intention,[1] the correction of which is reviewed for an abuse of discretion. *Funke v. Estate of Shultz*, 2009 MT 411, ¶¶ 6, 9, 353 Mont. 492, 223 P.3d 839.

---

[1] As opposed to a judicial error, the correction of which reflects a change to the court's original intent.

¶6 The original judgment clearly intended to partition the property into two equally valued parcels. In order to achieve this goal the court relied on the expert testimony offered by the parties, including the Kelley Appraisal. The Kelley Appraisal specifically described the easement in its assessment of the parcels, and included the value of an easement burdening "hypothetical parcel one" in the valuation of both parcels. To ignore the easement in its entirety would frustrate the purpose of creating two equally valued parcels, giving one party a greater valued parcel.

¶7 It is clear that post-judgment the parties disputed, whether based on the language of the judgment, the easement exists. To clarify confusion related to the easement's inclusion in the original judgment the court issued an oral order, which is allowed at any time under Montana law. We hold the court did not abuse its discretion in orally clarifying the original judgment to reflect its original intent to create two equally valued parcels, including the creation of a septic easement for the benefit of "hypothetical parcel two."

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON

/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA